FILE COPY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

Judge Pauley

-------------------------------------------------------------------- X

SIDLEY HOLDING CORP.,

                                      **COMPLAINT**

                  Plaintiff,

       – against –            Index No.

MORTON RUDERMAN,

08 CV 2513

                  Defendant.

-------------------------------------------------------------------- X

MAR 12 2008
U.S.D.C. S.D.N.Y.
CASHIERS

## PRELIMINARY STATEMENT

1.     Plaintiff, Sidley Holding Corp. ("Plaintiff"), brings this action to recover rent and additional from defendant Morton Ruderman ("Defendant"), the guarantor of a commercial lease agreement by and between Plaintiff, as landlord, and non-party Three S's and an R, LLC ("Three S's"), as tenant.

## PARTIES

2.     Plaintiff is a domestic corporation.

3.     Upon information and belief, Defendant is a natural person residing in the City of Lynnfield, County of Essex, State of Massachusetts.

4.     Upon information and belief, non-party Three S's is a domestic limited liability company.

5.     Plaintiff is the owner and landlord of the building located 110-112 East Fordham Road, Bronx, New York 10468 (the "Building").

6.     Three S's was a tenant of commercial space (the "Premises") in the Building pursuant to a lease that was heretofore terminated as a result of Three S's default in the payment of rent.

7.    Upon Information and belief, Three S's and/or individuals or entities in possession of the Premises with the permission of the Three S's, remain in possession of the Premises to date and operate a Pizza Hut restaurant therefrom.

8.    Defendant is the personal guarantor of Three S's obligations under the Lease.

## JURISDICTION

9.    This Court has jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1332(c)(1), in that Plaintiff and Defendant are citizens of different States and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

10.    Venue is proper under 28 U.S.C. § 1391(a)(2) since the property that is the subject of this action is situated in this judicial district.

## FACTUAL ALLEGATIONS

11.    By Agreement of Lease dated May 1, 1999 (the "Lease") between Plaintiff, as landlord, and Three S's, as tenant, Three S's leased the Premises from Plaintiff.

12.    As a material inducement to Plaintiff to enter into the Lease, and for other good and valuable consideration, by Guaranty dated as of May 1, 1999 (the "Guaranty"), Defendant guaranteed the payment of any and all Base Rent, Added Rent (as such terms are defined in the Lease) and all other sums due under the Lease.

13.    As a result of Three S's default in the payment of rent, Plaintiff served a notice (the "Notice to Cure") upon Three S's, requiring Three S's to cure its default on or before December 17, 2007 (the "Cure Date").

14.    As a result of Three S's failure to cure the defaults alleged in the Notice to Cure on or before the Cure Date, Plaintiff served upon Three S's a Notice of Termination advising

Three S's of Plaintiff's intention to terminate the Lease as of December 28, 2007 (the "Termination Date").

15.    By reason of Three S's failure to vacate the Premises on or before the Termination Date, Plaintiff commenced a summary holdover proceeding in the Civil Court of the City of New York, County of Bronx, bearing Index No. L&T 900282/08 and said proceeding remains *sub judice*.

16.    Three S's is in default of the Lease for failing to pay Base Rent, Added Rent and other sums due under the Lease during the period from October 1, 2007 through March 7, 2008 in the amount of $127,867.83 (the "Arrears") despite due demand therefor.

17.    Pursuant to the terms of the Guaranty, Defendant is liable to Plaintiff for the payment of all Base Rent, Added Rent and all other sums due to Plaintiff under the Lease including, without limitation, damages as provided at Lease Article 22 and, at Plaintiff's election, a sum equal to two times the Base Rent and additional rent payable during the last month of the term of the Lease as provided in Lease Section 18.04.

18.    Pursuant to the Lease and the Guaranty, Plaintiff is entitled to recover from Defendant all of the attorneys' fees, costs and disbursements incurred by Plaintiff in prosecuting Three S's defaults under the Lease and enforcing its rights under the Guaranty

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

19.    Plaintiff repeats and realleges paragraphs 1 through 18 above as if fully set forth herein.

20.    Defendant is in default of his obligations under the Guaranty for failing and refusing to pay the Arrears to Plaintiff.

21.    As a result of the defaults by Defendant and Three S's, Defendant has incurred damages, the amount of which continues to accrue.

22.    By reason of the foregoing, Plaintiff is entitled to a money judgment against Defendant in the amount of at least $127,867.83, together with such additional amounts as may accrue through and including the date of trial.

## SECOND CAUSE OF ACTION

23.    Plaintiff repeats and realleges paragraphs 1 through 22 above as if fully set forth herein.

24.    Defendant was heretofore notified of the amounts due and owing in connection with the Lease and Guaranty.

25.    Plaintiff's communications and correspondence with Defendant constitute an account stated.

26.    At no time heretofore has Defendant disputed owing the amounts so stated.

27.    Based upon Defendant's failure to dispute the amounts demanded of it, it has accepted and agreed that such amounts are correct and that an account has been stated.

28.    Defendant has waived its right to challenge the amounts for which an account was stated and has ratified that such amounts are due and owing.

29.    By virtue of the foregoing, Plaintiff is entitled to recover of Defendant an amount to be determined by the Court but in no event less than $127,867.83.

## THIRD CAUSE OF ACTION

30.    Plaintiff repeats and realleges paragraphs 1 through 29 above as if fully set forth herein.

31.    Pursuant to Section 21.04 and other applicable provisions of the Lease, Three S's is liable for all of Plaintiff's costs, expenses and disbursements, including but not limited to reasonable attorneys' fees, incurred in collecting or endeavoring to collect the rents due under the Lease or enforcing any rights against Three S's under the Lease, and all of said amounts are due as additional rent under the Lease.

32.    Pursuant to Paragraph A and other applicable provisions of the Guaranty, Defendant guaranteed to Plaintiff the full and prompt performance of all of Three S's obligations under the Lease, including but not limited to the payment of attorneys' fees incurred.

33.    Pursuant to Paragraph J and other applicable provisions of the Guaranty, Defendant is liable for all of Plaintiff's costs, expenses and disbursements, including but not limited to reasonable attorneys' fees, incurred as a result of Defendant's default under the Guaranty and in enforcing Plaintiff's rights herein.

34.    Plaintiff has incurred and will continue to incur attorneys' fees, costs and expenses as a result of Three S's defaults and in enforcing its rights under the terms of the Lease and Guaranty.

35.    By reason of the foregoing, Plaintiff is entitled to a money judgment against Defendant in an amount of at least $15,000.00, the precise amount to be determined by the Court.

## RELIEF SOUGHT

**WHEREFORE,** Plaintiff respectfully demands judgment against Defendant as follows:

(a)    on the first cause of action, awarding Plaintiff a money judgment against Defendant in the amount of $127,867.83 together with such additional amounts that accrue through and including the date of trial;

5

(b)    on the second cause of action, awarding Plaintiff a money judgment against Defendant in the amount of $127,867.83 together with such additional amounts that accrue through and including the date of trial;

(c)    on the third cause of action, awarding Plaintiff a money judgment against Defendant in an amount to be determined by the Court for Plaintiff's attorneys' fees, costs and disbursements incurred in enforcing its rights under the Lease and Guaranty;

(d)    awarding Plaintiff interest and costs; and

(e)    granting Plaintiff such other and further relief as the Court deems just and proper.

Dated: New York, New York
       March 12, 2008

                          GREENBERG TRAURIG, LLP
                          *Attorneys for Plaintiff*
                          200 Park Avenue
                          New York, New York 10166
                          (212) 801-9200

                          By:    _____
                                 Heath B. Kushnick (HK1101)
                                 *KushnickH@GTLaw.com*

6