UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

SIDLEY HOLDING CORP.,

                              Plaintiff,

      – against –

MORTON RUDERMAN,

                             Defendant.

-----------------------------------------------------------------X

08 Civ. 2513 (WHP)

**RULE 26(f) REPORT
OF PARTIES'
PLANNING MEETING**

1.    Pursuant to Fed. R. Civ. P. 16(b) and 26(f), telephonic conferences were held on June 5 and June 10, 2008. The participants were:

| Heath B. Kushnick, Esq.<br>Greenberg Traurig, LLP<br>200 Park Avenue<br>New York, New York 10166 | For plaintiff, Sidley Holding Corp. |
|---|---|
| Lauren J. Wachtler, Esq.<br>Mitchell Silberberg & Knupp LLP<br>12 East 49th Street, 30th Floor<br>New York, New York 10017-1028 | For defendant, Morton Ruderman |

2.    <u>Initial Disclosures</u>. The parties will complete by June 26, 2008, the initial disclosures required by Rule 26(a)(1).

3.    <u>Discovery Plan</u>. The parties propose the following discovery plan:

    a.    Plaintiff submits that the issues in this case can be summarily determined by dispositive motion obviating the necessity of discovery beyond initial disclosures pursuant to Rule 26(a)(1). Subject thereto, the parties agree that discovery may be needed on the following subjects:

        i.    defendant's guaranty (the "Guaranty") of a commercial lease agreement (the "Lease") between plaintiff and non-party Three S's and an R, LLC

("Tenant");

  ii. Tenant's defaults under the Lease and the termination thereof;

  iii. the holdover by Tenant and/or its subtenant(s) after termination of the Lease;

  iv. the arrears, use and occupancy changes, damages and attorneys' fees owed to plaintiff;

  v. the facts concerning plaintiff's account stated cause of action;

  vi. the facts concerning defendant's contention that he is not liable to plaintiff under the Guaranty;

  vii. the facts concerning defendant's first affirmative defense that the complaint fails to state a claim upon which relief may be granted;

  viii. the facts concerning defendant's second affirmative defense that he was prevented from mitigating damages;

  ix. the facts concerning defendant's third affirmative defense that plaintiff waived its right to enforce the Guaranty against defendant based on the doctrine of equitable estoppel; and

  x. the facts concerning defendant's fourth affirmative defense alleging that plaintiff's claims are barred by the doctrine of laches.

b. Subject to any stay during the pendency of a dispositive motion, the parties agree that discovery shall commence presently and shall be completed by October 31, 2008. Discovery will not be conducted in phases.

c. The parties agree that the maximum number of interrogatories by each party to the other is 25, and that answers thereto are due 30 days after receipt thereof subject to

extension on consent.

   d. The parties agree that the maximum number of request for admissions by each party to the other is 25, and that answers thereto are due 30 days after receipt thereof subject to extension on consent.

   e. The parties agree that the maximum number of depositions by each party is three.

   f. The parties agree that the length of depositions is limited to five hours per deponent.

   g. The parties agree that expert reports are unlikely to be necessary but, in any event, shall be exchanged (i) at least 90 days before the date set for trial or for the case to be ready for trial, or (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B), within 30 days after the other party's disclosure.

   h. The parties agree that dates for supplementations shall be as set forth in Rule 26(e).

  4. <u>Other Items</u>.

   a. The parties do not request to meet with the Court before a scheduling order, other than the conference scheduled for June 27, 2008.

   b. The parties may request a pretrial conference at the conclusion of discovery.

   c. The plaintiff has no present intention to amend the pleadings. In any event, the last date for plaintiff to amend its pleadings or join parties shall be July 11, 2008.

   d. The defendant has no present intention to amend the pleadings. In any

event, the last date for defendant to amend its pleadings or join parties shall be July 11, 2008.

      e.    The final date to file dispositive motions shall be 30 days after discovery is completed.

      f.    The parties have discussed the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

      g.    The parties have discussed alternative dispute resolution but not agreed on identification of such ADR procedure that would enhance settlement prospects.

      h.    The final dates for submitting Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition and exhibit lists shall be 30 days after completion of discovery, or sixty (60) days after the Court has ruled on any dispositive motions.

      i.    The final date for submitting objections under Rule 26(a)(3) shall be 45 days after completion of discovery, or seventy-five (75) days after the Court has ruled on any dispositive motions.

      j.    The parties suggest that a trial date be set at least 60 days after the joint pretrial order is submitted pursuant to Judge Pauley's Individual Rule 6(A).

      k.    Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information. The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information: Hard copies of accessible emails shall be provided or, if a substantial volume of emails is being produced, it will be provided in a searchable electronic format to be agreed upon.

      l.    Undersigned counsel have discussed discovery procedures that minimize

the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production or the parties have been unable to reach agreement on the procedures for asserting claims of privilege after production: In the event documents are inadvertently produced in discovery that are subject to a claim of privilege or of protection as trial-preparation material, the producing party may notify the receiving party at any time through and including the date of trial and, upon such notification, (i) the receiving party shall promptly return the documents and all copies thereof to the producing party and (ii) all claims of privilege and/or protection shall be deemed preserved by the producing party despite the inadvertent production.

    m.    Nothing herein shall be deemed an admission of any fact or a waiver or relinquishment of the parties rights and remedies, including but not limited to either party's right to object to any of the discovery listed herein or to take discovery regarding additional items not referred to herein.

    5.    Signatures hereon transmitted by facsimile or other electronic means shall be deemed originals for the purposes hereof.

Dated: New York, New York
        June 17, 2008

**GREENBERG TRAURIG, LLP**
*Attorneys for Plaintiff*
200 Park Avenue
New York, New York 10166
(212) 801-9200

By: _____
Heath B. Kushnick (HK1101)
KushnickH@GTLaw.com

**MITCHELL SILBERBERG & KNUPP LLP**
*Attorneys for Defendant*
12 East 49th Street, 30th Floor
New York, New York 10017-1028
(212) 509-3900

By: _____
Lauren J. Wachtler (LW4205)
ljw@msk.com