UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

SIDLEY HOLDING CORP.,

                                        Plaintiff,

                                                          Index No. 08-2513 (WHP)

              – against –

MORTON RUDERMAN,

                                        Defendant.
------------------------------------------------------------------- X

## AFFIDAVIT IN SUPPORT OF MOTION
## FOR SUMMARY JUDGMENT

STATE OF NEW YORK        }
                                          ss.:
COUNTY OF NEW YORK    }

        Heath B. Kushnick, being duly sworn, deposes and says:

        1.      I am of counsel to Greenberg Traurig, LLP, attorneys for Sidley Holding Corp.

("**Sidley**").  Greenberg Traurig LLP represented Sidley in the State court litigation referenced

below and, as such, I am fully familiar with the pertinent facts and submit this affidavit in

support of Sidley's motion for summary judgment.

        2.      As set forth in the accompanying moving affidavit of Richard Levine sworn to

July 31, 2008 ("**Levine Aff.**"),[1] Sidley served the Cure Notice upon Tenant in December 2007

after Tenant defaulted in its monetary obligations under the Lease.  Levine Aff., ¶ 10, **Exhibit J**.

Thereafter, Sidley terminated the Lease pursuant to the conditional limitation provision thereof

by service of the Termination Notice.  *Id.*, ¶ 11,  **Exhibit K**.  Both the Cure Notice and

Termination Notice were served upon defendant Morton Ruderman ("**Ruderman**") at various

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Levine Aff.

addresses concurrently with service of those notices upon Tenant. *See* affidavits of service annexed as parts of **Exhibits J and K**.

3.      After Tenant and its subtenants failed to vacate the Premises by the Termination Date set forth in the Termination Notice, Sidley commenced a holdover proceeding in the Civil Court of Bronx County by service of a notice of petition and petition dated February 12, 2008 (the "**Petition**," **Exhibit L**). The Petition was also served upon Ruderman at various addresses. *See* affidavit of service annexed as part of **Exhibit L**.

4.      Tenant did not interpose an answer to the Petition in the Holdover Proceeding. However, Goda Restaurants Corp. a/k/a Goda Restaurant Corp. d/b/a Pizza Hut ("**Goda Restaurant**"), an entity that apparently occupied the Premises as a subtenant of Tenant, answered and defended the Holdover Proceeding. By notice of motion dated March 3, 2008, Sidley moved in the Holdover Proceeding for an order granting summary judgment in its favor for the relief requested in the Petition. The motion contained an affidavit showing that the amount due through March 4, 2008 was $127,867.83 (copies of the affidavit and pertinent exhibit are attached as **Exhibit N**; the balance of the motion bas been omitted). The motion was also served upon Ruderman at various addresses (**Exhibit M**). Neither Tenant nor Ruderman submitted papers in opposition to the summary judgment motion. Goda Restaurant did oppose the summary judgment motion and it was ultimately denied.

5.      On May 14, 2008, a trial of the Holdover Proceeding was conducted, and Goda Restaurant opposed Sidley's case. By Decision and Judgment entered May 14, 2008 (**Exhibit P**), the Civil Court granted a judgment of possession in favor of Sidley and against Tenant and possible subtenants Statewide Management, Laughing Party and Goda Restaurant. Thereafter, a

2

warrant of eviction issued and, on June 24, 2008, the New York City Marshall evicted all occupants from the Premises.

6.      Sidley commenced this action in March 2008 to recover all amounts owed to it under the terminated Lease together with Sidley's attorneys' fees incurred based upon Ruderman's absolute continuing guaranty of Tenant's obligations as set forth in the Guaranty. *See* Levine Aff., ¶ 13, **Exhibit F**.  Copies of Sidley's complaint and Ruderman's answer are annexed hereto as **Exhibits A and B**.

7.      Sidley has produced documents responsive to Ruderman's document demand and now moves for summary judgment on each of the three cases of action set forth in the complaint.

8.      For the reasons set forth above and in the accompanying Levine Aff. and memorandum of law, Sidley respectfully requests that its motion be granted in its entirety together with such other relief as the Court deems appropriate.

_____
HEATH B. KUSHNICK

Sworn to before me this
____ day of July, 2008.

_____
Notary Public

MATTHIAS W LI
Notary Public, State of New York
No. 02LI6133405
Qualified in New York County
Commission Expires Sept. 19, 2009

3

# EXHIBIT A

JS 44C/SDNY
REV. 12/2005

**CIVIL COVER SHEET**

08 CV 2513    FILE COPY

*Judge Pauley*

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| SIDLEY HOLDING CORP. | MORTON RUDERMAN |

MAR 12 2008

| ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Heath B. Kushnick, Esq. 212 801-9200 Greenberg Traurig, LLP, 200 Park Avenue, New York, New York 10166 |  |

MAR 2

CASHIERS

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)

This is an action for breach of contract. This Court has jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1332(c)(1).

Has this or a similar case been previously filed in SDNY at any time? No [X] Yes? [ ] Judge Previously Assigned

If yes, was this case Vol.[ ] Invol.[ ] Dismissed. No[ ] Yes [ ] If yes, give date _____ & Case No. _____

*(PLACE AN [x] IN ONE BOX ONLY)*    NATURE OF SUIT

ACTIONS UNDER STATUTES

**TORTS**

**CONTRACT**

[ ] 110 INSURANCE
[ ] 120 MARINE
[ ] 130 MILLER ACT
[ ] 140 NEGOTIABLE INSTRUMENT
[ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
[ ] 151 MEDICARE ACT
[ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
[ ] 153 RECOVERY OF OVERPAYMENT OF VETERANS BENEFITS
[ ] 160 STOCKHOLDERS SUITS
[ ] 190 OTHER CONTRACT
[ ] 195 CONTRACT PRODUCT LIABILITY
[ ] 196 FRANCHISE

**PERSONAL INJURY**

[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT LIABILITY
[ ] 320 ASSAULT, LIBEL & SLANDER
[ ] 330 FEDERAL EMPLOYERS' LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT LIABILITY
[ ] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
[ ] 360 OTHER PERSONAL INJURY

**PERSONAL INJURY**

[ ] 362 PERSONAL INJURY - MED MALPRACTICE
[ ] 365 PERSONAL INJURY PRODUCT LIABILITY
[ ] 388 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**

[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING
[ ] 380 OTHER PERSONAL PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**FORFEITURE/PENALTY**

[ ] 610 AGRICULTURE
[ ] 620 FOOD & DRUG
[ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
[ ] 630 LIQUOR LAWS
[ ] 640 RR & TRUCK
[ ] 650 AIRLINE REGS
[ ] 660 OCCUPATIONAL SAFETY/HEALTH
[ ] 690 OTHER

**LABOR**

[ ] 710 FAIR LABOR STANDARDS ACT
[ ] 720 LABOR/MGMT RELATIONS
[ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
[ ] 740 RAILWAY LABOR ACT
[ ] 790 OTHER LABOR LITIGATION
[ ] 791 EMPL RET INC SECURITY ACT

**BANKRUPTCY**

[ ] 422 APPEAL 28 USC 158
[ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**

[ ] 820 COPYRIGHTS
[ ] 830 PATENT
[ ] 840 TRADEMARK

**SOCIAL SECURITY**

[ ] 861 MIA (1395FF)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC (405(g))
[ ] 863 DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**

[ ] 870 TAXES
[ ] 871 IRS-THIRD PARTY 20 USC 7609

**OTHER STATUTES**

[ ] 400 STATE REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE/ICC RATES/ETC
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO)
[ ] 480 CONSUMER CREDIT
[ ] 490 CABLE/SATELLITE
[ ] 810 SELECTIVE SERVICE
[ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
[ ] 875 CUSTOMER CHALLENGE 12 USC 3410
[ ] 891 AGRICULTURE ACT
[ ] 892 ECONOMIC STABILIZATION ACT
[ ] 893 ENVIRONMENTAL MATTERS
[ ] 894 ENERGY ALLOCATION ACT
[ ] 895 FREEDOM OF INFORMATION ACT
[ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
[ ] 950 CONSTITUTIONALITY OF STATE STATUTES
[ ] 890 OTHER STATUTORY ACTIONS

ACTIONS UNDER STATUTES

**REAL PROPERTY**

[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE & EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 246 TORT PRODUCT LIABILITY
[x] 290 ALL OTHER REAL PROPERTY

**CIVIL RIGHTS**

[ ] 441 VOTING
[ ] 442 EMPLOYMENT
[ ] 443 HOUSING ACCOMMODATIONS
[ ] 444 WELFARE
[ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
[ ] 446 AMERICANS WITH DISABILITIES -OTHER
[ ] 440 OTHER CIVIL RIGHTS

**PRISONER PETITIONS**

[ ] 510 MOTIONS TO VACATE SENTENCE 20 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER
[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION

*Check if demanded in complaint:*

CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ **127,867.83** OTHER _____

*Check YES only if demanded in complaint*
JURY DEMAND: [ ] YES [X] NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
IF SO, STATE:

JUDGE _____ DOCKET NUMBER _____

NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

(SEE REVERSE)

*(PLACE AN x IN ONE BOX ONLY)* **ORIGIN**

☒ 1 Original Proceeding    ☐ 2a. Removed from State Court    ☐ 2b. Removed from State Court AND at least one party is a pro se litigant    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from (Specify District)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

*(PLACE AN x IN ONE BOX ONLY)* **BASIS OF JURISDICTION**    *IF DIVERSITY, INDICATE CITIZENSHIP BELOW.*

☐ 1 U.S. PLAINTIFF    ☐ 2 U.S. DEFENDANT    ☐ 3 FEDERAL QUESTION (U.S. NOT A PARTY)    ☒ 4 DIVERSITY    *(28 USC 1332, 1441)*

## CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

|  | PTF | DEF |  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 | [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | [ ] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2 | [X] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [X] 4 | [ ] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

Sidley Holding Corp. c/o
Greenberg traurig, LLP
200 Park Avenue, 38th Floor
New York, New York 10166
Attn: Heath B. Kushnick, Esq.

New York County

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

Morton Ruderman
50 Salem Street
Lynnfield, MA 01940

Essex County

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one: THIS ACTION SHOULD BE ASSIGNED TO:    ☐ WHITE PLAINS    ☒ FOLEY SQUARE
(DO NOT check either box if this a PRISONER PETITION.)

DATE 3/12/08    SIGNATURE OF ATTORNEY OF RECORD    Heath B. Kushnick    HK-1101

RECEIPT #

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[x] YES (DATE ADMITTED Mo. _____ Yr. _____)
Attorney Bar Code #

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge **MAG. DOLINGER** _____ is so Designated.

J Michael McMahon, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

FILE COPY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK Judge Pauley

-------------------------------------------------------------- X

SIDLEY HOLDING CORP.,

**COMPLAINT**

Plaintiff,

– against –

08 CV 2513

MORTON RUDERMAN,

Defendant.

-------------------------------------------------------------- X

MAR 12 2008
U.S.D.C. S.D. N.Y.
CASHIERS

### PRELIMINARY STATEMENT

1.      Plaintiff, Sidley Holding Corp. ("Plaintiff"), brings this action to recover rent and additional from defendant Morton Ruderman ("Defendant"), the guarantor of a commercial lease agreement by and between Plaintiff, as landlord, and non-party Three S's and an R, LLC ("Three S's"), as tenant.

### PARTIES

2.      Plaintiff is a domestic corporation.

3.      Upon information and belief, Defendant is a natural person residing in the City of Lynnfield, County of Essex, State of Massachusetts.

4.      Upon information and belief, non-party Three S's is a domestic limited liability company.

5.      Plaintiff is the owner and landlord of the building located 110-112 East Fordham Road, Bronx, New York 10468 (the "Building").

6.      Three S's was a tenant of commercial space (the "Premises") in the Building pursuant to a lease that was heretofore terminated as a result of Three S's default in the payment of rent.

7.    Upon Information and belief, Three S's and/or individuals or entities in possession of the Premises with the permission of the Three S's, remain in possession of the Premises to date and operate a Pizza Hut restaurant therefrom.

8.    Defendant is the personal guarantor of Three S's obligations under the Lease.

## JURISDICTION

9.    This Court has jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1332(c)(1), in that Plaintiff and Defendant are citizens of different States and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

10.    Venue is proper under 28 U.S.C. § 1391(a)(2) since the property that is the subject of this action is situated in this judicial district.

## FACTUAL ALLEGATIONS

11.    By Agreement of Lease dated May 1, 1999 (the "Lease") between Plaintiff, as landlord, and Three S's, as tenant, Three S's leased the Premises from Plaintiff.

12.    As a material inducement to Plaintiff to enter into the Lease, and for other good and valuable consideration, by Guaranty dated as of May 1, 1999 (the "Guaranty"), Defendant guaranteed the payment of any and all Base Rent, Added Rent (as such terms are defined in the Lease) and all other sums due under the Lease.

13.    As a result of Three S's default in the payment of rent, Plaintiff served a notice (the "Notice to Cure") upon Three S's, requiring Three S's to cure its default on or before December 17, 2007 (the "Cure Date").

14.    As a result of Three S's failure to cure the defaults alleged in the Notice to Cure on or before the Cure Date, Plaintiff served upon Three S's a Notice of Termination advising

Three S's of Plaintiff's intention to terminate the Lease as of December 28, 2007 (the "Termination Date").

15.    By reason of Three S's failure to vacate the Premises on or before the Termination Date, Plaintiff commenced a summary holdover proceeding in the Civil Court of the City of New York, County of Bronx, bearing Index No. L&T 900282/08 and said proceeding remains *sub judice*.

16.    Three S's is in default of the Lease for failing to pay Base Rent, Added Rent and other sums due under the Lease during the period from October 1, 2007 through March 7, 2008 in the amount of $127,867.83 (the "Arrears") despite due demand therefor.

17.    Pursuant to the terms of the Guaranty, Defendant is liable to Plaintiff for the payment of all Base Rent, Added Rent and all other sums due to Plaintiff under the Lease including, without limitation, damages as provided at Lease Article 22 and, at Plaintiff's election, a sum equal to two times the Base Rent and additional rent payable during the last month of the term of the Lease as provided in Lease Section 18.04.

18.    Pursuant to the Lease and the Guaranty, Plaintiff is entitled to recover from Defendant all of the attorneys' fees, costs and disbursements incurred by Plaintiff in prosecuting Three S's defaults under the Lease and enforcing its rights under the Guaranty

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

19.    Plaintiff repeats and realleges paragraphs 1 through 18 above as if fully set forth herein.

20.    Defendant is in default of his obligations under the Guaranty for failing and refusing to pay the Arrears to Plaintiff.

21.    As a result of the defaults by Defendant and Three S's, Defendant has incurred damages, the amount of which continues to accrue.

22.    By reason of the foregoing, Plaintiff is entitled to a money judgment against Defendant in the amount of at least $127,867.83, together with such additional amounts as may accrue through and including the date of trial.

## SECOND CAUSE OF ACTION

23.    Plaintiff repeats and realleges paragraphs 1 through 22 above as if fully set forth herein.

24.    Defendant was heretofore notified of the amounts due and owing in connection with the Lease and Guaranty.

25.    Plaintiff's communications and correspondence with Defendant constitute an account stated.

26.    At no time heretofore has Defendant disputed owing the amounts so stated.

27.    Based upon Defendant's failure to dispute the amounts demanded of it, it has accepted and agreed that such amounts are correct and that an account has been stated.

28.    Defendant has waived its right to challenge the amounts for which an account was stated and has ratified that such amounts are due and owing.

29.    By virtue of the foregoing, Plaintiff is entitled to recover of Defendant an amount to be determined by the Court but in no event less than $127,867.83.

## THIRD CAUSE OF ACTION

30.    Plaintiff repeats and realleges paragraphs 1 through 29 above as if fully set forth herein.

31.    Pursuant to Section 21.04 and other applicable provisions of the Lease, Three S's is liable for all of Plaintiff's costs, expenses and disbursements, including but not limited to reasonable attorneys' fees, incurred in collecting or endeavoring to collect the rents due under the Lease or enforcing any rights against Three S's under the Lease, and all of said amounts are due as additional rent under the Lease.

32.    Pursuant to Paragraph A and other applicable provisions of the Guaranty, Defendant guaranteed to Plaintiff the full and prompt performance of all of Three S's obligations under the Lease, including but not limited to the payment of attorneys' fees incurred.

33.    Pursuant to Paragraph J and other applicable provisions of the Guaranty, Defendant is liable for all of Plaintiff's costs, expenses and disbursements, including but not limited to reasonable attorneys' fees, incurred as a result of Defendant's default under the Guaranty and in enforcing Plaintiff's rights herein.

34.    Plaintiff has incurred and will continue to incur attorneys' fees, costs and expenses as a result of Three S's defaults and in enforcing its rights under the terms of the Lease and Guaranty.

35.    By reason of the foregoing, Plaintiff is entitled to a money judgment against Defendant in an amount of at least $15,000.00, the precise amount to be determined by the Court.

### RELIEF SOUGHT

**WHEREFORE**, Plaintiff respectfully demands judgment against Defendant as follows:

(a)    on the first cause of action, awarding Plaintiff a money judgment against Defendant in the amount of $127,867.83 together with such additional amounts that accrue through and including the date of trial;

5

(b)    on the second cause of action, awarding Plaintiff a money judgment against Defendant in the amount of $127,867.83 together with such additional amounts that accrue through and including the date of trial;

(c)    on the third cause of action, awarding Plaintiff a money judgment against Defendant in an amount to be determined by the Court for Plaintiff's attorneys' fees, costs and disbursements incurred in enforcing its rights under the Lease and Guaranty;

(d)    awarding Plaintiff interest and costs; and

(e)    granting Plaintiff such other and further relief as the Court deems just and proper.

Dated: New York, New York
        March 12, 2008

GREENBERG TRAURIG, LLP
*Attorneys for Plaintiff*
200 Park Avenue
New York, New York 10166
(212) 801-9200

By: _____
        Heath B. Kushnick (HK1101)
        *KushnickH@GTLaw.com*

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SIDLEY HOLDING CORP., | CASE NO. 08-CV-2513 (WHP) |
| Plaintiff, | |
| v. | **ANSWER** |
| MORTON RUDERMAN, | |
| Defendant. | |

MORTON RUDERMAN, by his attorneys, Mitchell Silberberg & Knupp LLP, hereby responds to the Complaint of Sidley Holding Corp. as follows:

1.    With respect to paragraph 1 of the Complaint, denies knowledge or information sufficient to form a belief as to truth of the allegations relating to the nature of the action alleged to be brought against Morton Ruderman, and denies the remaining allegations contained therein.

2.    Denies knowledge or information sufficient to form a belief as to truth of the allegations contained in paragraphs 2, 5, 9 and 10 of the Complaint.

3.    Admits the allegations contained in paragraph 3 of the Complaint.

4.    Denies each and every allegation contained in paragraphs 4, 6, 7, 8, 12, 13, 14, 15, 16, 17, 18, 20, 21, 22, 24, 25, 26, 27, 28, 29, 31, 32, 33, 34, and 35 of the Complaint.

5.    With respect to paragraph 11 of the Complaint, admits only that there was a document designated "Agreement of Lease" dated May 1, 1999 and refers the Court to the terms and conditions set forth therein for the rights and obligations of

the parties thereto, and denies the remaining allegations contained in paragraph 11 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

6.    The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

7.    The Plaintiff has prevented the Defendant from mitigating its damages and any liability he might have pursuant to the Guaranty insofar as the Plaintiff has failed and refused to allow the Defendant to provide a tenant who is ready, willing and able to occupy the space in the place and stead of the current sub-tenant.

### THIRD AFFIRMATIVE DEFENSE

8.    The Plaintiff has waived its right to pursue the Defendant on the Guaranty based on the doctrine of equitable estoppel.

### FOURTH AFFIRMATIVE DEFENSE

9.    Plaintiff's claims are barred by the doctrine of laches.

2

DATED: New York, New York
       April 7, 2008

MITCHELL SILBERBERG & KNUPP LLP

By: _____
    Lauren J. Wachtler (LW 4205)
    12 East 49th Street, 30th Floor
    New York, New York 10017-1028
    Telephone: (212) 509-3900
    Facsimile: (212) 509-7239
    E-mail: ljw@msk.com

    Attorneys for Defendant
    MORTON RUDERMAN

TO:    Heath B. Kushnick, Esq.
       Greenberg Traurig, LLP
       *Attorneys for Plaintiff*
       200 Park Avenue
       New York, NY 10166
       (212) 801-9200

3

AO 458 (Rev. 10/95)  Appearance

# UNITED STATES DISTRICT COURT

|  SOUTHERN  | DISTRICT OF | NEW YORK |

SIDLEY HOLDING CORP.,

      Plaintiff,

**APPEARANCE**

   v.

Case Number: 08-CV-2513

MORTON RUDERMAN,

      Defendant.

To the Clerk of this court and all parties of record:

    Enter my appearance as counsel in this case for

    DEFENDANT, MORTON RUDERMAN

I certify that I am admitted to practice in this court.

| 4/8/2008 | *[signature]* |
|---|---|
| Date | Signature |
| | LAUREN J. WACHTLER     LW4205 |
| | Print Name     Bar Number |
| | MITCHELL SILBERBERG & KNUPP LLP, 12 E. 49TH ST |
| | Address |
| | NEW YORK    NY    10017 |
| | City    State    Zip Code |
| | (212) 509-3900     (212) 509-7239 |
| | Phone Number     Fax Number |

# EXHIBIT F

## Guaranty

A.     The undersigned individual, residing at 31 Wildwood Drive, Lynnfield, Massachusetts 01940, in consideration of the execution and delivery by SIDLEY HOLDING CORP., a corporation organized under the laws of the State of New York, as landlord ("Landlord"), of the lease of even date herewith of space at 110-112 East Fordham Road, Bronx, New York ("Lease") to THREE S's AND AN R, LLC, as tenant ("Tenant") and in order to induce Landlord to execute and deliver the Lease to Tenant, and in further consideration of the sum of TEN ($10.00) DOLLARS and other good and valuable consideration, to it in hand paid by Landlord, the receipt whereof is hereby acknowledged, DOES HEREBY ABSOLUTELY GUARANTEE to the Landlord, its successors and assigns, the full and prompt performance by Tenant of all of the obligations of Tenant under the Lease, as the same may be extended, including, without limitation, the payment by Tenant of all Base Rent and additional rent reserved under, and as defined in, the Lease, and any arrears thereof, and any other sum or sums required to be paid by Tenant under any of the terms of the Lease, that may be or become due or payable to Landlord, its successors and assigns, and the payment by Tenant of any and all damages that may arise in consequence of the non-performance by Tenant of any of the covenants or agreements required to be performed by Tenant pursuant to the Lease, only to the extent provided in Paragraph M below.

B.     The undersigned waive all requirements of notice of the acceptance of this Guaranty. This Guaranty shall be a continuing guaranty.

C.     This Guaranty shall not be discharged, impaired, or in any way affected, nor shall the undersigned be released from liability hereunder because, or on account of, any waiver, modification, alteration, amendment, or extension, at any time and from time to time, of any of the terms or provisions of the Lease (including, without limitation, the Term), or by reason of any other act or thing which but for this provision of this Guaranty might be deemed a legal or equitable discharge of a surety, or by reason of the failure of Landlord, its successors or assigns, to proceed promptly or otherwise; and the undersigned hereby expressly waives and surrenders any defense to its liability hereunder based upon any of the foregoing waivers, modifications, alterations, amendments, extensions, or delays, or any of them.

D.     It is specifically agreed that Landlord, its successors and assigns, may proceed under this Guaranty without being required to give to the undersigned notice of any default on the part of Tenant under the Lease and without being required to institute any proceedings against Tenant.

E.     The obligations herein of the undersigned are independent of the obligations of Tenant. The undersigned waive any right to require Landlord to pursue any other remedy in Landlord's power whatsoever.

F.     For the purpose of this Guaranty and the obligations and liabilities of the undersigned herein, the term "Tenant" shall be deemed to include any and all licensees, assignees, subtenants, permittees or others directly or indirectly operating or conducting business in or from the Demised Premises, as fully as if any of the same were the named Tenant under the Lease.

G.    The undersigneds' obligations herein shall remain fully binding although Landlord may have released, returned or misapplied other collateral at any time given as security for Tenant's obligations (including other guaranties) and/or released Tenant from the performance of its obligations under the Lease.

H.    This Guaranty shall remain in full force and effect notwithstanding the institution by or against Tenant of bankruptcy, reorganization, readjustment, receivership or insolvency proceedings of any nature, or the disaffirmance of the Lease in any such proceedings or otherwise.

I.    Landlord may, without notice, assign this Guaranty in whole or in part.

J.    In the event that Landlord should institute any suit against the undersigned for violation of or to enforce any of the covenants or conditions of this Guaranty or to enforce any right of Landlord hereunder, the undersigned shall reimburse Landlord for its attorneys' fees, disbursements and court costs incurred by Landlord thereby.

K.    The execution of this Guaranty prior to execution of the Lease shall not invalidate this Guaranty or lessen the obligations of the guarantor hereunder.

L.    Insofar only as the undersigned individually is concerned, his liability under this Guaranty shall terminate (except as hereafter provided) upon the occurrence of all of the following: (a) the expiration of 180 days following Tenant's notice to Landlord of the date on which Tenant shall vacate and surrender the Demised Premises, (b) the surrender and vacation of the Demised Premises by Tenant in accordance with the terms of the Lease, including, but not limited to, free and clear of all liens, free and clear of all property in which any others have any rights and free and clear of occupancy and use (or any rights or claims of rights thereto) by any occupant, subtenant, licensee or others (excluding Landlord or anyone occupying the Demised Premises through Landlord after Tenant's surrender and vacation of the Demised Premises), (c) the delivery to Landlord of all keys, magnetic access cards, alarm access codes and similar items to fully enjoy occupancy to the Demised Premises, (d) a notice, by Tenant to Landlord, of such surrender and vacation specifying all of the foregoing, specifying the date of such surrender and vacation, and specifying that this Lease has been terminated as of a past date specified in such notice, and (e) the full payment of all Base Rent and additional rent up to the date all of the foregoing have been completed.    Notwithstanding any limitations to the contrary in this Paragraph, the undersigned understands and agrees that he will be personally liable for all costs and expenses incurred by Landlord as provided in Paragraph J. Notwithstanding such vacancy and surrender, Tenant shall continue to be liable under the terms of the Lease for breach thereof, and no acceptance by Landlord of any surrender or vacancy under this Guaranty shall be deemed to modify, release, satisfy or otherwise relieve Tenant of any liability whatsoever under the Lease.    The undersigned understands and agrees that in the event of Tenant's early termination of this Lease the Security Deposit held by Landlord pursuant to the terms of this Lease shall not be applied to Base Rent or additional rent due, or any other liability to Landlord through the date Tenant vacates the Demised Premises, and will not reduce the undersigned's liability, if any, as provided for in this Guaranty.

This Guaranty shall inure to the benefit of Landlord, its successors and assigns, and shall bind the undersigned and its successors and assigns.

IN WITNESS WHEREOF, the undersigned has hereunto set his hand and seal as of the 1st day of May, 1999.

ATTEST:

GUARANTOR:

_____

Morton Ruderman

STATE OF _MA_        )
                     )ss.:
COUNTY OF _ESSEX_    )

On this _28_ day of May, 1999, before me personally appeared Morton Ruderman, to me known and known to me to be the individual described in and who executed the foregoing instrument, and he duly acknowledged that he executed the same as his free act and deed.

_____
Notary Public

Bruce A. Gorsky
NOTARY PUBLIC
My commission expires Aug. 13, 2004

# EXHIBIT J

**NOTICE TO CURE**

December 4, 2007

To:    **THREE S'S AND AN R, LLC**
110-112 East Fordham Road
Portions of the ground floor, first floor and mezzanine level
Bronx, New York, 10468

Re:    Agreement of Lease made as of May 1, 1999 (the "**Lease**"), between Sidley Holding Corp. ("**Landlord**"), as landlord, and Three S's and an R, LLC ("**Tenant**"), as tenant, incorporating that certain Agreement of Lease made as of August 10, 1998 (as amended, the "**1998 Lease**"), between Landlord and a former tenant, for portions of the ground floor (sometimes referred to as basement or cellar), first floor, and mezzanine level (collectively the "**Premises**") in the building known as and located at 110-112 East Fordham Road, Bronx, New York 10468.

TAKE NOTICE that Tenant has failed to comply with its obligations under Sections III and IV of the 1999 Lease, Articles 1, 3, 4, 13, 21 and other applicable provisions of the 1998 Lease, which require Tenant, among other things, to timely pay Base Rent, Added Rent and additional rent (collectively, "**Rent**") to Landlord as and when the same became due under the Lease, in that Tenant failed to pay the Rent due under the Lease during the period from October 1, 2007 through December 4, 2007 in the amount of $64,251.29 (as set forth on the statement annexed hereto, incorporated herein by reference and made a part hereof, the "**Arrears**").

TAKE FURTHER NOTICE that, in accordance with Section 20.02 of the 1998 Lease and other applicable provisions of the Lease, Tenant is required to deliver payment of the full amount of the Arrears to Landlord on or before December 17, 2007 (the "**Cure Date**"), which date is not less than ten (10) days from the date this notice is given.

TAKE FURTHER NOTICE that in the event Tenant fails to deliver payment of the full amount of the Arrears to Landlord on or before the Cure Date, Landlord will exercise its rights

Y 23829702

under Section 20.02 of the 1998 Lease and other applicable provisions of the Lease and pursuant to law, and serve a three day notice of cancellation of the Lease (the "Termination Notice") upon Tenant, in which event, upon the expiration of the period of time set forth in the Termination Notice (the "Termination Date"), the term of the Lease will terminate and expire as if the Termination Date was the day fixed in the Lease for the end and expiration thereof, Tenant will remain liable for damages pursuant to applicable provisions of the Lease (including but not limited to past due and future Rent, damages, and Landlord's attorneys' fees, costs and expenses), and Landlord may commence an appropriate action or proceeding to remove Tenant from the Premises and/or commence such other actions and proceedings as Landlord deems appropriate.

TAKE FURTHER NOTICE that this notice is without prejudice to and shall not constitute a waiver, release or relinquishment of any of Landlord's claims, defenses, rights or remedies under the Lease, applicable law or otherwise, all of which are expressly reserved.

All capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Lease.

SIDLEY HOLDING CORP. Landlord

By: _____

Name: Richard Levine
Authorized Signatory Per Annexed Authorization

2

NY 2382117023

cc:  **THREE S'S AND AN R, LLC**
c/o Mr. Morton Ruderman
Cres Development Company
50 Salem Street
Lynnfield, Massachusetts 01940

**THREE S'S AND AN R, LLC**
c/o Cres Development Company
50 Salem Street
Lynnfield, Massachusetts 01940

**THREE S'S AND AN R, LLC**
c/o Morton Ruderman
31 Wildwood Drive
Lynnfield, Massachusetts 01940

**MORTON RUDERMAN**
31 Wildwood Drive
Lynnfield, Massachusetts 01940

**MMR Investments, LLC**
40 Salem Street, Suite One
Lynnfield, MA 01940

3

# Sidley Holding Corp.

Three S's & an R
Arrears Statement

| DATE | DESCRIPTION | | CHARGE |
|------|-------------|---|--------|
| October 1, 2007 | Base Rent | | $12,432.94 |
| | Management Fee | | $551.41 |
| | Added Rent (Additional Rent For Initial Sublet) | | $2,500.00 |
| | Real Estate Tax Assessment | | $2,861.94 |
| | Late Payment | | $755.28 |
| | Past Due (late payment) | | $723.03 |
| | Past Due (legal fees) | | $5,633.33 |
| | | October Total: | $25,457.93 |
| November 1, 2007 | Base Rent | | $12,432.94 |
| | Management Fee | | $551.41 |
| | Added Rent (Additional Rent For Initial Sublet) | | $2,500.00 |
| | Real Estate Tax Assessment | | $2,861.94 |
| | Late Payment | | $763.74 |
| | | November Total: | $19,110.03 |
| December 1, 2007 | Base Rent | | $12,432.94 |
| | Management Fee | | $551.41 |
| | Added Rent (Additional Rent For Initial Sublet) | | $2,500.00 |
| | Real Estate Tax Assessment | | $2,861.94 |
| | Late Payment | | $1,337.04 |
| | | December Total: | $19,683.33 |
| | | **Total:** | $64,251.29 |

4

## AUTHORIZATION

SIDLEY HOLDING CORP. ("Sidley"), a Delaware limited liability company, hereby appoints and authorizes Mr. Richard Levine to individually act as its authorized signatory and agent and to execute on behalf of, and in the name of, Sidley: (a) any and all demands and notices permitted under leases, licenses, service contracts, occupancy agreements or applicable law including but not limited to notices to cure, notices of termination, non-payment and holdover notices, and notices terminating monthly tenancies, tenancies-at-will or tenancies-at-sufferance; and (b) pleadings and affidavits relating to tenants, licensees, leases, licenses, occupancy agreements, stipulations, service contracts, collection of arrears and/or other monies due to Sidley. This authorization is valid for a period of one year from the date of execution unless sooner terminated in writing.

SIDLEY HOLDING CORP.

By: _Sidney Clyman_

Name: Dr. Sidney Clyman

Title: President

STATE OF NEW YORK      )
                        ) s.s.:
COUNTY OF WESTCHESTER  )

On the 27 day of November, 2007, before me, the undersigned, a Notary Public in and for said State, personally appeared Dr. Sidney Clyman, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to this instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on this instrument, the individual, or the person or entity upon behalf of which the individual acted, executed the instrument.

_Virginia S Breese_

Notary Public

VIRGINIA S. BREESE
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN WESTCHESTER COUNTY
NO. 01BR6139143
MY COMMISSION EXPIRES

_Virginia Breese_

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK   )
                              :ss.
COUNTY OF NEW YORK  )

Salvatore Giambrone, being duly sworn, deposes and says:

       1.     I am employed by Greenberg Traurig, LLP, attorneys for Sidley Holding Corp.

       2.     I am not a party to this action, am over 18 years of age and reside in Queens, New York.

       3.     On the 4th day of December, 2007, I served the annexed Notice to Cure by depositing true copies in securely sealed envelopes, into the exclusive care and custody of Federal Express for overnight delivery, addressed as follows::

THREE S'S AND AN R, LLC
110-112 East Fordham Road
Portions of the ground floor, first floor and mezzanine level
Bronx, New York, 10468

THREE S'S AND AN R, LLC
c/o Mr. Morton Ruderman
Cres Development Company
50 Salem Street
Lynnfield, Massachusetts 01940

THREE S'S AND AN R, LLC
c/o Cres Development Company
50 Salem Street
Lynnfield, Massachusetts 01940

THREE S'S AND AN R, LLC
c/o Morton Ruderman
31 Wildwood Drive
Lynnfield, Massachusetts 01940

NY238603590

MORTON RUDERMAN
31 Wildwood Drive
Lynnfield, Massachusetts 01940

MMR Investments, LLC
40 Salem Street, Suite One
Lynnfield, Massachusetts 01940

Sworn to before me this
6th day of December, 2007

_____
NOTARY PUBLIC

HEATH B. KUSHNICK
Notary Public, State of New York
No. 02KU6016400
Qualified in New York County
Commission Expires 11/16/10

_____
Salvatore Giambrone
License No. 1133136

NY238603590

# EXHIBIT K

.

## NOTICE OF TERMINATION

December 20, 2007

To:     **THREE S'S AND AN R, LLC**
        110-112 East Fordham Road
        Portions of the ground floor, first floor and mezzanine levels
        Bronx, New York 10468

Re:     Agreement of Lease made as of May 1, 1999 (the "Lease"), between
        Sidley Holding Corp. ("Landlord"), as landlord, and Three S's and an R,
        LLC ("Tenant"), as tenant, incorporating that certain Agreement of Lease
        made as of August 10, 1998 (as amended, the "1998 Lease"), between
        Landlord and a former tenant, for portions of the ground floor (sometimes
        referred to as basement or cellar), first floor and mezzanine level
        (collectively the "Premises") in the building known as and located at 110-
        112 East Fordham Road, Bronx, New York 10468.

TAKE NOTICE that Tenant defaulted in observing and performing its obligations under

Sections III and IV of the Lease, Articles 1, 3, 4, 13, 21 and other applicable provisions of the

1998 Lease, which require Tenant, among other things, to timely pay Base Rent, Added Rent and

additional rent (collectively, "Rent") as and when the same becomes due under the Lease, and

Tenant failed to cure its default as described in the notice to cure dated December 4, 2007 (a

copy of which is annexed hereto as Exhibit A, incorporated herein by reference and made a part

hereof, the "Notice to Cure") in that Tenant failed to pay Rent in the amount of $64,251.29 by

December 17, 2007 (the "Cure Date"), which was at least ten (10) days after service of the

Notice to Cure upon Tenant.

TAKE FURTHER NOTICE that pursuant to Section 20.02 of the 1998 Lease (made

applicable by Section 2.02 and other applicable provisions of the Lease), Landlord hereby elects

to terminate the Lease on December 28, 2007 (the "Termination Date"), which date is not less

than three (3) days from the date this notice is given, and the Lease, the term thereof and any and

1

all right, title and interest of Tenant thereunder shall end and expire on the Termination Date as fully and completely as if the Termination Date was the day fixed in the Lease for the end and expiration of the term thereof.

TAKE FURTHER NOTICE that Tenant is required to quit and vacate the Premises in accordance with the terms of the Lease on or before the Termination Date and if Tenant fails to so quit and vacate on or before the Termination Date, Landlord will, among other things, commence an appropriate action and/or proceeding to remove Tenant from the Premises and to recover all past due Rent, the reasonable value of Tenants' use and occupancy of the Premises, attorneys' fees and any other damages incurred by Landlord in accordance with applicable provisions of the Lease and applicable law.

TAKE FURTHER NOTICE that this notice is without prejudice to, and shall not constitute a waiver, release or relinquishment of any of Landlord's claims, defenses, rights or remedies, all of which are expressly reserved.

All capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Lease.

SIDLEY HOLDING CORP., Landlord

By: _____

Name: Richard Levine
Authorized Signatory Per Annexed Authorization

cc:     THREE S'S AND AN R, LLC
        c/o Mr. Morton Ruderman
        Cres Development Company
        50 Salem Street
        Lynnfield, Massachusetts 01940

        THREE S'S AND AN R, LLC
        c/o Cres Development Company
        50 Salem Street
        Lynnfield, Massachusetts 01940

        THREE S'S AND AN R, LLC
        c/o Morton Ruderman
        31 Wildwood Drive
        Lynnfield, Massachusetts 01940

        MORTON RUDERMAN
        31 Wildwood Drive
        Lynnfield, Massachusetts 01940

        MMR Investments, LLC
        40 Salem Street, Suite One
        Lynnfield, MA 01940

3

## AUTHORIZATION

SIDLEY HOLDING CORP. ("Sidley"), a Delaware limited liability company, hereby appoints and authorizes Mr. Richard Levine to individually act as its authorized signatory and agent and to execute on behalf of, and in the name of, Sidley: (a) any and all demands and notices permitted under leases, licenses, service contracts, occupancy agreements or applicable law including but not limited to notices to cure, notices of termination, non-payment and holdover notices, and notices terminating monthly tenancies, tenancies-at-will or tenancies-at-sufferance; and (b) pleadings and affidavits relating to tenants, licensees, leases, licenses, occupancy agreements, stipulations, service contracts, collection of arrears and/or other monies due to Sidley. This authorization is valid for a period of one year from the date of execution unless sooner terminated in writing.

SIDLEY HOLDING CORP.

By: _Sidney Clyman_
Name: Dr. Sidney Clyman
Title: President

STATE OF NEW YORK        )
                         )s.s.:
COUNTY OF WESTCHESTER    )

On the 27 day of November, 2007, before me, the undersigned, a Notary Public in and for said State, personally appeared Dr. Sidney Clyman, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to this instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on this instrument, the individual, or the person or entity upon behalf of which the individual acted, executed the instrument.

_Virginia S Breese_
Notary Public

VIRGINIA S. BREESE
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN WESTCHESTER COUNTY
NO. 01BR6139142
COMMISSION EXPIRES

_Virginia Breese_

-EXHIBIT A-

## NOTICE TO CURE

December 4, 2007

To:   THREE S's AND AN R, LLC
      110-112 East Fordham Road
      Portions of the ground floor, first floor and mezzanine level
      Bronx, New York, 10468

Re:   Agreement of Lease made as of May 1, 1999 (the "**Lease**"), between
      Sidley Holding Corp. ("**Landlord**"), as landlord, and Three S's and an R,
      LLC ("**Tenant**"), as tenant, incorporating that certain Agreement of Lease
      made as of August 10, 1998 (as amended, the "**1998 Lease**"), between
      Landlord and a former tenant, for portions of the ground floor (sometimes
      referred to as basement or cellar), first floor, and mezzanine level
      (collectively the "**Premises**") in the building known as and located at 110-
      112 East Fordham Road, Bronx, New York 10468.

TAKE NOTICE that Tenant has failed to comply with its obligations under Sections III

and IV of the 1999 Lease, Articles 1, 3, 4, 13, 21 and other applicable provisions of the 1998

Lease, which require Tenant, among other things, to timely pay Base Rent, Added Rent and

additional rent (collectively, "**Rent**") to Landlord as and when the same became due under the

Lease, in that Tenant failed to pay the Rent due under the Lease during the period from October

1, 2007 through December 4, 2007 in the amount of $64,251.29 (as set forth on the statement

annexed hereto, incorporated herein by reference and made a part hereof, the "**Arrears**").

TAKE FURTHER NOTICE that, in accordance with Section 20.02 of the 1998 Lease

and other applicable provisions of the Lease, Tenant is required to deliver payment of the full

amount of the Arrears to Landlord on or before December 17, 2007 (the "**Cure Date**"), which

date is not less than ten (10) days from the date this notice is given.

TAKE FURTHER NOTICE that in the event Tenant fails to deliver payment of the full

amount of the Arrears to Landlord on or before the Cure Date, Landlord will exercise its rights

under Section 20.02 of the 1998 Lease and other applicable provisions of the Lease and pursuant to law and serve a three day notice of cancellation of the Lease (the "**Termination Notice**") upon Tenant, in which event, upon the expiration of the period of time set forth in the Termination Notice (the "**Termination Date**"), the term of the Lease will terminate and expire as if the Termination Date was the day fixed in the Lease for the end and expiration thereof, Tenant will remain liable for damages pursuant to applicable provisions of the Lease (including but not limited to past due and future Rent, damages, and Landlord's attorneys' fees, costs and expenses), and Landlord may commence an appropriate action or proceeding to remove Tenant from the Premises and/or commence such other actions and proceedings as Landlord deems appropriate.

**TAKE FURTHER NOTICE** that this notice is without prejudice to and shall not constitute a waiver, release or relinquishment of any of Landlord's claims, defenses, rights or remedies under the Lease, applicable law or otherwise, all of which are expressly reserved.

All capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Lease.

SIDLEY HOLDING CORP. Landlord

By: _____

Name: Richard Levine
Authorized Signatory Per Annexed Authorization

2

cc:     **THREE S's AND AN R, LLC**
        c/o Mr. Morton Ruderman
        Cres Development Company
        50 Salem Street
        Lynnfield, Massachusetts 01940

        **THREE S's AND AN R, LLC**
        c/o Cres Development Company
        50 Salem Street
        Lynnfield, Massachusetts 01940

        **THREE S's AND AN R, LLC**
        c/o Morton Ruderman
        31 Wildwood Drive
        Lynnfield, Massachusetts 01940

        **MORTON RUDERMAN**
        31 Wildwood Drive
        Lynnfield, Massachusetts 01940

        **MMR Investments, LLC**
        40 Salem Street, Suite One
        Lynnfield, MA 01940

# Sidley Holding Corp.

Three S's & an R
Arrears Statement

| DATE | DESCRIPTION | CHARGE |
|------|-------------|--------|
| October 1, 2007 | Base Rent | $12,432.94 |
| | Management Fee | $551.41 |
| | Added Rent (Additional Rent For Initial Sublet) | $2,500.00 |
| | Real Estate Tax Assessment | $2,861.94 |
| | Late Payment | $755.28 |
| | Past Due (late payment) | $723.03 |
| | Past Due (legal fees) | $5,633.33 |
| | October Total: | $25,457.93 |
| | | |
| November 1, 2007 | Base Rent | $12,432.94 |
| | Management Fee | $551.41 |
| | Added Rent (Additional Rent For Initial Sublet) | $2,500.00 |
| | Real Estate Tax Assessment | $2,861.94 |
| | Late Payment | $763.74 |
| | November Total: | $19,110.03 |
| | | |
| December 1, 2007 | Base Rent | $12,432.94 |
| | Management Fee | $551.41 |
| | Added Rent (Additional Rent For Initial Sublet) | $2,500.00 |
| | Real Estate Tax Assessment | $2,861.94 |
| | Late Payment | $1,337.04 |
| | December Total: | $19,683.33 |
| | | |
| | **Total:** | $64,251.29 |

4

## AUTHORIZATION

SIDLEY HOLDING CORP. ("Sidley"), a Delaware limited liability company, hereby appoints and authorizes Mr. Richard Levine to individually act as its authorized signatory and agent and to execute on behalf of, and in the name of, Sidley: (a) any and all demands and notices permitted under leases, licenses, service contracts, occupancy agreements or applicable law including but not limited to notices to cure, notices of termination, non-payment and holdover notices, and notices terminating monthly tenancies, tenancies-at-will or tenancies-at-sufferance; and (b) pleadings and affidavits relating to tenants, licensees, leases, licenses, occupancy agreements, stipulations, service contracts, collection of arrears and/or other monies due to Sidley. This authorization is valid for a period of one year from the date of execution unless sooner terminated in writing.

SIDLEY HOLDING CORP.

By: _Sidney Clyman_
Name: Dr. Sidney Clyman
Title: President

STATE OF NEW YORK      )
                       )s.s.:
COUNTY OF WESTCHESTER  )

On the 27 day of November, 2007, before me, the undersigned, a Notary Public in and for said State, personally appeared Dr. Sidney Clyman, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to this instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on this instrument, the individual, or the person or entity upon behalf of which the individual acted, executed the instrument.

_Virginia S. Breese_
Notary Public

VIRGINIA S. BREESE
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN WESTCHESTER COUNTY
NO. 01BR6139142
MY COMMISSION EXPIRES

_Virginia S. Breese_

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK     )
                             :ss.
COUNTY OF NEW YORK   )

Salvatore Giambrone, being duly sworn, deposes and says:

1.       I am employed by Greenberg Traurig, LLP, attorneys for Sidley Holding Corp.

2.       I am not a party to this action, am over 18 years of age and reside in Queens, New York.

3.       On the 4th day of December, 2007, I served the annexed Notice to Cure by depositing true copies in securely sealed envelopes, into the exclusive care and custody of Federal Express for overnight delivery, addressed as follows::

THREE S'S AND AN R, LLC
110-112 East Fordham Road
Portions of the ground floor, first floor and mezzanine level
Bronx, New York, 10468

THREE S'S AND AN R, LLC
c/o Mr. Morton Ruderman
Cres Development Company
50 Salem Street
Lynnfield, Massachusetts 01940

THREE S'S AND AN R, LLC
c/o Cres Development Company
50 Salem Street
Lynnfield, Massachusetts 01940

THREE S'S AND AN R, LLC
c/o Morton Ruderman
31 Wildwood Drive
Lynnfield, Massachusetts 01940

NY238603590

MORTON RUDERMAN
31 Wildwood Drive
Lynnfield, Massachusetts 01940

MMR Investments, LLC
40 Salem Street, Suite One
Lynnfield, Massachusetts 01940

Sworn to before me this
6th day of December, 2007

_____
NOTARY PUBLIC

HEATH B. KUSHNICK
Notary Public, State of New York
No. 02KU6016400
Qualified in New York County
Commission Expires 11/16/10

_____
Salvatore Giambrone
License No. 1133136

NY238603590

# EXHIBIT L

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX: NON-HOUSING PART 52
------------------------------------------------------------------ X
SIDLEY HOLDING CORP.,

                      Petitioner,

        – against –

THREE S' S AND AN R, LLC
110-112 East Fordham Road
Portions of the ground floor, first floor and
mezzanine levels
Bronx, New York 10112,

                   Respondents,

        – and –

GODA RESTAURANTS CORP. a/k/a GODA
RESTAURANT CORP. d/b/a PIZZA HUT,
STATEWIDE MANAGEMENT AT FORDHAM
ROAD, INC. d/b/a PIZZA HUT, LAUGHING PARTY
CO., LLC, "ABC CO."* and "XYZ CORP."*,

                 Respondent(s).

* The first name and/or last name of said respondent(s)
being fictitious and unknown to petitioner, the entity(ies)
and/or individuals(s) intended being in possession of the
premises herein described without petitioner's knowledge
or consent.
------------------------------------------------------------------ X

**NOTICE OF PETITION**

Commercial Holdover
0900282

Index No. L&T       /08



**FEE PAID**

FEB 13 2008

**CIVIL COURT
BRONX COUNTY**

      To the respondents above-named and described, in possession of the premises hereinafter described or claiming possession thereof:

      **TAKE NOTICE** that a hearing at which you must appear will be held before the Civil Court of the City of New York, County of Bronx, at Part 52 thereof, located in Courtroom 129, of the courthouse located at 851 Grand Concourse, Bronx, New York, on February 19, 2008, at 2:00 p.m., on the annexed Petition of Sidley Holding Corp., verified on February 12, 2008, which prays for: (i) a final judgment of possession awarding petitioner possession of commercial premises comprised of portions of the ground floor, first floor and mezzanine levels of the building known as and located at 110-112 East Fordham Road, Bronx, New York (as more fully described in the accompanying Petition, the "Premises"); (ii) a money judgment in an amount to be determined by the Court for rent in arrears totaling $64,251.29 together with use and occupancy due to petitioner for each month or part thereof from December 29, 2007 through and

*NY 238,6: 3,346*

including such date as petitioner recovers actual possession of the premises; and (iii) such other and further relief as the Court deems necessary and proper, including interest, and the attorneys' fees, costs and expenses incurred by petitioner in prosecuting this proceeding.

**TAKE FURTHER NOTICE** that you are required to answer the Petition, and your answer may set forth any defense or counterclaim you may have against petitioner, unless such defense or counterclaim is precluded by law or by prior agreement of the parties.

**TAKE FURTHER NOTICE** that if you fail to interpose and establish any defense or counterclaim you may have against petitioner, you may be precluded from asserting such defense or the claim on which it is based in any other proceeding or action.

**TAKE FURTHER NOTICE** that your answer may be made at the time of the hearing specified above, unless this Notice of Petition and Petition is served upon you at least eight (8) days prior to the time the Petition is noticed to be heard, in which event you must answer at least three (3) days before such date, either orally before the Clerk of the Court at his or her office, or in writing by serving a copy thereof upon the undersigned attorneys for petitioner and by filing the original of such written answer, with proof of service thereof, in the Office of the Clerk of the Court at least three (3) days before the date the Petition is noticed to be heard. In addition, you must appear before the Court at the time and place hereinabove set forth for the hearing.

**TAKE FURTHER NOTICE** that your failure to appear and answer may result in a final judgment against you and in favor of petitioner, by default, for the relief demanded in the Petition.

**TAKE FURTHER NOTICE** that, pursuant to Section 745 of the New York State Real Property Actions and Proceedings Law, you may be required by the Court to make a deposit of use and occupancy, or a payment of use and occupancy to petitioner, upon your second request for an adjournment or if the proceeding is not settled or a final determination has not been made by the Court within thirty (30) days of the first court appearance. Failure to comply with an initial deposit or payment order may result in the entry of a final judgment against you without a trial. Failure to make subsequent required deposits or payments may result in an immediate trial on the issues raised in your answer.

Dated: New York, New York
     February 12, 2008

                                           FEB 1 4 2006

                        JACK BAER
                        CHIEF CLERK OF THE CIVIL COURT
                        OF THE CITY OF NEW YORK

**GREENBERG TRAURIG, LLP**
*Attorneys for Petitioner*
200 Park Avenue
New York, New York 10166
(212) 801-9200

By: _____
     Heath B. Kushnick, Esq.

*NY 238,573,346*

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX: NON-HOUSING PART 52
------------------------------------------------------------------ X
SIDLEY HOLDING CORP.,

                                      Petitioner,

                – against –

THREE S' S AND AN R, LLC
110-112 East Fordham Road
Portions of the ground floor, first floor and
mezzanine levels
Bronx, New York 10112,

                                  Respondents,

                – and –

GODA RESTAURANTS CORP. a/k/a GODA
RESTAURANT CORP. d/b/a PIZZA HUT,
STATEWIDE MANAGEMENT AT FORDHAM
ROAD, INC. d/b/a PIZZA HUT, LAUGHING PARTY
CO., LLC, "ABC CO."* and "XYZ CORP."*,

                             Respondent(s).

\* The first name and/or last name of said respondent(s)
being fictitious and unknown to petitioner, the entity(ies)
and/or individuals(s) intended being in possession of the
premises herein described without petitioner's knowledge
or consent.
------------------------------------------------------------------ X

                **VERIFIED PETITION**

                Commercial Holdover

                Index No. L&T      /08

        Petitioner Sidley Holding Corp. ("**Petitioner**"), by its attorneys, Greenberg Traurig, LLP,

as and for its Petition herein, alleges that:

        1.      Petitioner is a domestic business corporation.

        2.      Petitioner is the owner and landlord of the building located at 110-112 East

Fordham Road, Bronx, New York 10112 (the "**Building**"), and is authorized to maintain this

proceeding.

3.    The subject premises (the "**Premises**") are described as follows: portions of the Building's ground floor (sometimes referred to as basement or cellar), first floor and mezzanine levels (as shown approximated on the diagrams annexed hereto as <u>Exhibit A</u>, incorporated herein by reference and made a part hereof), and currently operating as a Pizza Hut store.

4.    The Premises are situated within the territorial jurisdiction of the Civil Court of the City of New York, County of Bronx.

5.    The Premises are not part of a multiple dwelling.

6.    The Premises are not subject to rent control or rent stabilization, by virtue of the fact that the Premises were leased and used for strictly commercial purposes.

7.    Upon information and belief, respondent Three S's And An R, LLC ("**Three S's**") is a domestic limited liability company in possession of and doing business from the Premises.

8.    Upon information and belief, respondent Goda Restaurants Corp. a/k/a Goda Restaurants Corp. d/b/a Pizza Hut is a domestic business corporation possibly in possession of all or some portion of the Premises without Petitioner's knowledge or consent.

9.    Upon information and belief, respondent Statewide Management at Fordham Road, Inc. d/b/a Pizza Hut ("**Statewide Management**") is a domestic corporation possibly in possession of all or some portion of the Premises as a subtenant of Three S's.

10.    Upon information and belief, respondent Statewide Management was dissolved by proclamation of the Secretary of State published on September 25, 2002 pursuant to the Tax Law.

11.    Upon information and belief, respondent Laughing Party Co., LLC ("**Laughing Party**") is a domestic limited liability company possibly in possession of all or some portion of the Premises as a subtenant of Three S's.

12.     Upon information and belief, respondent(s) "ABC Co." and "XYZ Corp." are unknown entity(ies) and/or individual(s) possibly in possession of all or some portion of the Premises without Petitioner's knowledge or consent.

13.     By Agreement of Lease made as of May 1, 1999 (the "**Lease**") (which Lease incorporates that certain Agreement of Lease made as of August 10, 1998 [as amended, the "**1998 Lease**"], between Landlord and a former tenant) between Petitioner, as landlord, and Three S's, as tenant, Three S's leased the Premises from Petitioner.

14.     Upon information and belief, pursuant to a sublease made on or about May 1, 1999, by and among Three S's, as sublandlord, and Statewide Management and Laughing Party, as sublessees, Three S's subleased all or some portion of the Premises to Statewide Management and Laughing Party.

15.     Three S's violated and continues to violate substantial obligations of its tenancy and Lease in that, in violation of Sections III and IV of the Lease, and Articles 1, 3, 4, 13, 21 and other provisions of the 1998 Lease, Three S's failed to pay base rent and added rent (collectively "**Rent**") when due.

16.     As a result of Three S's default, Petitioner served a notice (the "**Notice to Cure**") upon Three S's, requiring Three S's to cure its defaults on or before December 17, 2007 (the "**Cure Date**"), which was not less than ten days from the date of service of the Notice to Cure. A true copy of the Notice to Cure and proof of its delivery are annexed hereto as Exhibit B, incorporated herein by reference and made a part hereof.

17.     Three S's failed to cure the defaults alleged in the Notice to Cure on or before the Cure Date.

3

18.    Pursuant to Section 20.02 of the 1998 Lease (made applicable by Section 2.02 and other applicable provisions of the Lease), Petitioner served upon Three S's a notice (the "**Notice of Termination**") advising Three S's of Petitioner's intention to terminate the Lease as of December 28, 2007 (the "**Termination Date**") which was not less than three days from the date of service of the Notice to Termination.  A true copy of the Notice of Termination and proof of its delivery are annexed hereto as <u>Exhibit C</u>, incorporated herein by reference and made a part hereof.

19.    The term for which the Premises were rented terminated on the Termination Date and respondents continue to occupy the Premises without the permission of Petitioner.

20.    By reason of Three S's failure to vacate the Premises upon the termination of its tenancy, Petitioner has been required to commence summary proceedings and will incur legal expenses and attorneys' fees in an amount to be determined by the Court but in no event less than $5,000.00, which Three S's is required to pay pursuant to the terms of the Lease.

21.    Three S's defaulted in the payment of Rent prior to the termination of its tenancy and, therefore, Petitioner is entitled to a judgment in the amount of $64,251.29, plus such additional amounts as may have accrued prior to the termination of the Lease term.

22.    Petitioner is also entitled to a judgment in an amount to be determined by the Court for respondents' use and occupancy of the Premises for each and every day respondents remain in possession thereof from the day following the Termination Date up to and including the day on which respondents surrender possession of the Premises to Petitioner.

23.    Petitioner lacks written information or notice of any address where respondents may do business other than the Premises and: (a) Three S's and an R, LLC, c/o Mr. Morton Ruderman, Cres Development Company, 50 Salem Street, Lynnfield, Massachusetts 01940; (b)

Three S's and an R, LLC, c/o Cres Development Company, 50 Salem Street, Lynnfield, Massachusetts 01940; (c) Three S's and an R, LLC, c/o Morton Ruderman, 31 Wildwood Drive, Lynnfield, Massachusetts 01940; (d) Morton Ruderman, 31 Wildwood Drive, Lynnfield, Massachusetts 01940; (e) MMR Investments, LLC, 40 Salem Street, Suite One, Lynnfield, MA 01940; (f) Goda Restaurant Corp., c/o Goda Abdelmenan, 115 Fairview Avenue, Jersey City, New Jersey; (g) Goda Restaurants Corp., c/o Marvin David, Esq., 225 Broadway, Suite 1900, New York, New York 10007; (h) Statewide Management at Fordham Road, Inc., 44-27 Purves Street, Long Island City, New York 11101; and (i) Laughing Party Co., LLC, 14 Weyman Avenue, New Rochelle, New York 10805, attn: Melvin Getlan.

WHEREFORE, Petitioner requests a final judgment:

(a) awarding Petitioner a judgment of possession for the Premises and directing the forthwith issuance of a warrant of eviction to remove all respondents and other occupants of the Premises from possession thereof;

(b) awarding Petitioner a money judgment against respondents in the amount of $64,251.29 for Rent due under the Lease during the period through December 28, 2007;

(c) awarding Petitioner a further money judgment against respondents for all use and occupancy due for the Premises during the period from December 29, 2007 through and including such date as Petitioner obtains actual possession of the Premises, in an amount to be determined by the Court;

(d) awarding Petitioner the attorneys' fees, costs and disbursements incurred by Petitioner in commencing and prosecuting this proceeding, in an amount to be determined by the Court; and

(e)     granting Petitioner such other and further relief as the Court
        deems just and proper.


Dated   New York, New York
        February 12, 2008


                                        GREENBERG TRAURIG, LLP
                                        *Attorneys for Petitioner*
                                        200 Park Avenue
                                        New York, New York 10166
                                        (212) 801-9200

                                        By: _____
                                                Heath B. Kushnick, Esq.

## VERIFICATION

Heath B. Kushnick, an attorney admitted to practice before the New York State Courts, affirms as follows: I am of counsel to Greenberg Traurig, LLP, attorneys for petitioner Sidley Holding Corp.; I have read the foregoing Petition and know the contents thereof; the same are true to my knowledge except those matters stated to be upon information and belief and as to those matters I believe them to be true; the grounds for my belief as to all of the foregoing are the books and records of petitioner, its employees and agents, including but not limited to Greenberg Traurig, LLP; and this verification is made by me rather than petitioner because Greenberg Traurig, LLP possesses copies of relevant documents and I am authorized to make this verification pursuant to RPAPL 741.

Dated: New York, New York
February 12, 2008

_____
Heath B. Kushnick

**EXHIBIT A TO THE NOTICE OF PETITION**



- CELLAR PLAN -

SCALE: 1/8" = 1'



NORTH



FIRST FLOOR PLAN -
SCALE: 1/8" = 1'





MEZZANINE PLAN

SCALE: 1/8" = 1'

EXHIBIT B TO THE NOTICE OF PETITION

## NOTICE TO CURE

December 4, 2007

To:   THREE S'S AND AN R, LLC
      110-112 East Fordham Road
      Portions of the ground floor, first floor and mezzanine level
      Bronx, New York, 10468

Re:   Agreement of Lease made as of May 1, 1999 (the "**Lease**"), between
      Sidley Holding Corp. ("**Landlord**"), as landlord, and Three S's and an R,
      LLC ("**Tenant**"), as tenant, incorporating that certain Agreement of Lease
      made as of August 10, 1998 (as amended, the "**1998 Lease**"), between
      Landlord and a former tenant, for portions of the ground floor (sometimes
      referred to as basement or cellar), first floor, and mezzanine level
      (collectively the "**Premises**") in the building known as and located at 110-
      112 East Fordham Road, Bronx, New York 10468.

TAKE NOTICE that Tenant has failed to comply with its obligations under Sections III
and IV of the 1999 Lease, Articles 1, 3, 4, 13, 21 and other applicable provisions of the 1998
Lease, which require Tenant, among other things, to timely pay Base Rent, Added Rent and
additional rent (collectively, "**Rent**") to Landlord as and when the same became due under the
Lease, in that Tenant failed to pay the Rent due under the Lease during the period from October
1, 2007 through December 4, 2007 in the amount of $64,251.29 (as set forth on the statement
annexed hereto, incorporated herein by reference and made a part hereof, the "**Arrears**").

TAKE FURTHER NOTICE that, in accordance with Section 20.02 of the 1998 Lease
and other applicable provisions of the Lease, Tenant is required to deliver payment of the full
amount of the Arrears to Landlord on or before December 17, 2007 (the "**Cure Date**"), which
date is not less than ten (10) days from the date this notice is given.

TAKE FURTHER NOTICE that in the event Tenant fails to deliver payment of the full
amount of the Arrears to Landlord on or before the Cure Date, Landlord will exercise its rights

Y 23829702 3

under Section 20.02 of the 1998 Lease and other applicable provisions of the Lease and pursuant to law, and serve a three day notice of cancellation of the Lease (the "**Termination Notice**") upon Tenant, in which event, upon the expiration of the period of time set forth in the Termination Notice (the "**Termination Date**"), the term of the Lease will terminate and expire as if the Termination Date was the day fixed in the Lease for the end and expiration thereof; Tenant will remain liable for damages pursuant to applicable provisions of the Lease (including but not limited to past due and future Rent, damages, and Landlord's attorneys' fees, costs and expenses), and Landlord may commence an appropriate action or proceeding to remove Tenant from the Premises and/or commence such other actions and proceedings as Landlord deems appropriate.

**TAKE FURTHER NOTICE** that this notice is without prejudice to and shall not constitute a waiver, release or relinquishment of any of Landlord's claims, defenses, rights or remedies under the Lease, applicable law or otherwise, all of which are expressly reserved.

All capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Lease.

**SIDLEY HOLDING CORP. Landlord**

By: _____

Name: Richard Levine

Authorized Signatory Per Annexed Authorization

2

cc:     **THREE S'S AND AN R, LLC**
       c/o Mr. Morton Ruderman
       Cres Development Company
       50 Salem Street
       Lynnfield, Massachusetts 01940

       **THREE S'S AND AN R, LLC**
       c/o Cres Development Company
       50 Salem Street
       Lynnfield, Massachusetts 01940

       **THREE S'S AND AN R, LLC**
       c/o Morton Ruderman
       31 Wildwood Drive
       Lynnfield, Massachusetts 01940

       **MORTON RUDERMAN**
       31 Wildwood Drive
       Lynnfield, Massachusetts 01940

       **MMR Investments, LLC**
       40 Salem Street, Suite One
       Lynnfield, MA 01940

3

# Sidley Holding Corp.

Three S's & an R
Arrears Statement

| DATE | DESCRIPTION | CHARGE |
|---|---|---|
| October 1, 2007 | Base Rent | $12,432.94 |
| | Management Fee | $551.41 |
| | Added Rent (Additional Rent For Initial Sublet) | $2,500.00 |
| | Real Estate Tax Assessment | $2,861.94 |
| | Late Payment | $755.28 |
| | Past Due (late payment) | $723.03 |
| | Past Due (legal fees) | $5,633.33 |
| | October Total: | $25,457.93 |
| November 1, 2007 | Base Rent | $12,432.94 |
| | Management Fee | $551.41 |
| | Added Rent (Additional Rent For Initial Sublet) | $2,500.00 |
| | Real Estate Tax Assessment | $2,861.94 |
| | Late Payment | $763.74 |
| | November Total: | $19,110.03 |
| December 1, 2007 | Base Rent | $12,432.94 |
| | Management Fee | $551.41 |
| | Added Rent (Additional Rent For Initial Sublet) | $2,500.00 |
| | Real Estate Tax Assessment | $2,861.94 |
| | Late Payment | $1,337.04 |
| | December Total: | $19,683.33 |
| | Total: | $64,251.29 |

4

## AUTHORIZATION

SIDLEY HOLDING CORP. ("Sidley"), a Delaware limited liability company, hereby appoints and authorizes Mr. Richard Levine to individually act as its authorized signatory and agent and to execute on behalf of, and in the name of, Sidley: (a) any and all demands and notices permitted under leases, licenses, service contracts, occupancy agreements or applicable law including but not limited to notices to cure, notices of termination, non-payment and holdover notices, and notices terminating monthly tenancies, tenancies-at-will or tenancies-at-sufferance; and (b) pleadings and affidavits relating to tenants, licensees, lessees, licenses, occupancy agreements, stipulations, service contracts, collection of arrears and/or other monies due to Sidley. This authorization is valid for a period of one year from the date of execution unless sooner terminated in writing.

SIDLEY HOLDING CORP.

By: _Sidney Clyman_
Name: Dr. Sidney Clyman
Title: President

STATE OF NEW YORK      )
                         ) s.s.:
COUNTY OF WESTCHESTER   )

On the 27 day of November, 2007, before me, the undersigned, a Notary Public in and for said State, personally appeared Dr. Sidney Clyman, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to this instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on this instrument, the individual, or the person or entity upon behalf of which the individual acted, executed the instrument.

_Virginia S Breese_
Notary Public

VIRGINIA S. BREESE
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN WESTCHESTER COUNTY
NO. 01BR6139143
COMMISSION EXPIRES

_Virginia Breese_

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                     :ss.
COUNTY OF NEW YORK   )


Salvatore Giambrone, being duly sworn, deposes and says:

1.    I am employed by Greenberg Traurig, LLP, attorneys for Sidley Holding Corp.

2.    I am not a party to this action, am over 18 years of age and reside in Queens, New York.

3.    On the 4th day of December, 2007, I served the annexed Notice to Cure by depositing true copies in securely sealed envelopes, into the exclusive care and custody of Federal Express for overnight delivery, addressed as follows::

> THREE S's AND AN R, LLC
> 110-112 East Fordham Road
> Portions of the ground floor, first floor and mezzanine level
> Bronx, New York, 10468

> THREE S's AND AN R, LLC
> c/o Mr. Morton Ruderman
> Cres Development Company
> 50 Salem Street
> Lynnfield, Massachusetts 01940

> THREE S's AND AN R, LLC
> c/o Cres Development Company
> 50 Salem Street
> Lynnfield, Massachusetts 01940

> THREE S's AND AN R, LLC
> c/o Morton Ruderman
> 31 Wildwood Drive
> Lynnfield, Massachusetts 01940

MORTON RUDERMAN
31 Wildwood Drive
Lynnfield, Massachusetts 01940

MMR Investments, LLC
40 Salem Street, Suite One
Lynnfield, Massachusetts 01940

Sworn to before me this
6th day of December, 2007

_____
NOTARY PUBLIC

HEATH B. KUSHNICK
Notary Public, State of New York
No. 02KU6016400
Qualified in New York County
Commission Expires 11/16/10

Salvatore Giambrone
License No. 1133136

NY238603590

**EXHIBIT C TO THE NOTICE OF PETITION**

## NOTICE OF TERMINATION

December 20, 2007

To:    THREE S'S AND AN R, LLC
       110-112 East Fordham Road
       Portions of the ground floor, first floor and mezzanine levels
       Bronx, New York 10468

       Re:    Agreement of Lease made as of May 1, 1999 (the "Lease"), between
              Sidley Holding Corp. ("Landlord"), as landlord, and Three S's and an R,
              LLC ("Tenant"), as tenant, incorporating that certain Agreement of Lease
              made as of August 10, 1998 (as amended, the "1998 Lease"), between
              Landlord and a former tenant, for portions of the ground floor (sometimes
              referred to as basement or cellar), first floor and mezzanine level
              (collectively the "Premises") in the building known as and located at 110-
              112 East Fordham Road, Bronx, New York 10468.

       TAKE NOTICE that Tenant defaulted in observing and performing its obligations under

Sections III and IV of the Lease, Articles 1, 3, 4, 13, 21 and other applicable provisions of the

1998 Lease, which require Tenant, among other things, to timely pay Base Rent, Added Rent and

additional rent (collectively, "Rent") as and when the same becomes due under the Lease, and

Tenant failed to cure its default as described in the notice to cure dated December 4, 2007 (a

copy of which is annexed hereto as Exhibit A, incorporated herein by reference and made a part

hereof, the "Notice to Cure") in that Tenant failed to pay Rent in the amount of $64,251.29 by

December 17, 2007 (the "Cure Date"), which was at least ten (10) days after service of the

Notice to Cure upon Tenant.

       TAKE FURTHER NOTICE that pursuant to Section 20.02 of the 1998 Lease (made

applicable by Section 2.02 and other applicable provisions of the Lease), Landlord hereby elects

to terminate the Lease on December 28, 2007 (the "Termination Date"), which date is not less

than three (3) days from the date this notice is given, and the Lease, the term thereof and any and

1

all right, title and interest of Tenant thereunder shall end and expire on the Termination Date as fully and completely as if the Termination Date was the day fixed in the Lease for the end and expiration of the term thereof.

TAKE FURTHER NOTICE that Tenant is required to quit and vacate the Premises in accordance with the terms of the Lease on or before the Termination Date and if Tenant fails to so quit and vacate on or before the Termination Date, Landlord will, among other things, commence an appropriate action and/or proceeding to remove Tenant from the Premises and to recover all past due Rent, the reasonable value of Tenants' use and occupancy of the Premises, attorneys' fees and any other damages incurred by Landlord in accordance with applicable provisions of the Lease and applicable law.

TAKE FURTHER NOTICE that this notice is without prejudice to, and shall not constitute a waiver, release or relinquishment of any of Landlord's claims, defenses, rights or remedies, all of which are expressly reserved.

All capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Lease.

SIDLEY HOLDING CORP., Landlord

By: _____

Name: Richard Levine
Authorized Signatory Per Annexed Authorization

2

cc:    **THREE S'S AND AN R, LLC**
c/o Mr. Morton Ruderman
Cres Development Company
50 Salem Street
Lynnfield, Massachusetts 01940

**THREE S'S AND AN R, LLC**
c/o Cres Development Company
50 Salem Street
Lynnfield, Massachusetts 01940

**THREE S'S AND AN R, LLC**
c/o Morton Ruderman
31 Wildwood Drive
Lynnfield, Massachusetts 01940

**MORTON RUDERMAN**
31 Wildwood Drive
Lynnfield, Massachusetts 01940

**MMR Investments, LLC**
40 Salem Street, Suite One
Lynnfield, MA 01940

## AUTHORIZATION

SIDLEY HOLDING CORP. ("Sidley"), a Delaware limited liability company, hereby appoints and authorizes Mr. Richard Levine to individually act as its authorized signatory and agent and to execute on behalf of, and in the name of, Sidley: (a) any and all demands and notices permitted under leases, licenses, service contracts, occupancy agreements or applicable law including but not limited to notices to cure, notices of termination, non-payment and holdover notices, and notices terminating monthly tenancies, tenancies-at-will or tenancies-at-sufferance; and (b) pleadings and affidavits relating to tenants, licensees, leases, licenses, occupancy agreements, stipulations, service contracts, collection of arrears and/or other monies due to Sidley. This authorization is valid for a period of one year from the date of execution unless sooner terminated in writing.

SIDLEY HOLDING CORP.

By: _Sidney Clyman_
Name: Dr. Sidney Clyman
Title: President


STATE OF NEW YORK          )
                           )s.s.:
COUNTY OF WESTCHESTER      )

On the 27 day of November, 2007, before me, the undersigned, a Notary Public in and for said State, personally appeared Dr. Sidney Clyman, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to this instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on this instrument, the individual, or the person or entity upon behalf of which the individual acted, executed the instrument.

_Virginia S. Breese_
Notary Public
VIRGINIA S. BREESE
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN WESTCHESTER COUNTY
NO. 01BR5139142
COMMISSION EXPIRES

-EXHIBIT A-

## NOTICE TO CURE

December 4, 2007

To:     **THREE S'S AND AN R, LLC**
110-112 East Fordham Road
Portions of the ground floor, first floor and mezzanine level
Bronx, New York, 10468

Re:     Agreement of Lease made as of May 1, 1999 (the "**Lease**"), between
Sidley Holding Corp. ("**Landlord**"), as landlord, and Three S's and an R,
LLC ("**Tenant**"), as tenant, incorporating that certain Agreement of Lease
made as of August 10, 1998 (as amended, the "**1998 Lease**"), between
Landlord and a former tenant, for portions of the ground floor (sometimes
referred to as basement or cellar), first floor, and mezzanine level
(collectively the "**Premises**") in the building known as and located at 110-
112 East Fordham Road, Bronx, New York 10468.

TAKE NOTICE that Tenant has failed to comply with its obligations under Sections III

and IV of the 1999 Lease, Articles 1, 3, 4, 13, 21 and other applicable provisions of the 1998

Lease, which require Tenant, among other things, to timely pay Base Rent, Added Rent and

additional rent (collectively, "**Rent**") to Landlord as and when the same became due under the

Lease, in that Tenant failed to pay the Rent due under the Lease during the period from October

1, 2007 through December 4, 2007 in the amount of $64,251.29 (as set forth on the statement

annexed hereto, incorporated herein by reference and made a part hereof, the "**Arrears**").

TAKE FURTHER NOTICE that, in accordance with Section 20.02 of the 1998 Lease

and other applicable provisions of the Lease, Tenant is required to deliver payment of the full

amount of the Arrears to Landlord on or before December 17, 2007 (the "**Cure Date**"), which

date is not less than ten (10) days from the date this notice is given.

TAKE FURTHER NOTICE that in the event Tenant fails to deliver payment of the full

amount of the Arrears to Landlord on or before the Cure Date, Landlord will exercise its rights

under Section 20.02 of the 1998 Lease and other applicable provisions of the Lease and pursuant to law, and serve a three day notice of cancellation of the Lease (the "**Termination Notice**") upon Tenant, in which event, upon the expiration of the period of time set forth in the Termination Notice (the "**Termination Date**"), the term of the Lease will terminate and expire as if the Termination Date was the day fixed in the Lease for the end and expiration thereof, Tenant will remain liable for damages pursuant to applicable provisions of the Lease (including but not limited to past due and future Rent, damages, and Landlord's attorneys' fees, costs and expenses), and Landlord may commence an appropriate action or proceeding to remove Tenant from the Premises and/or commence such other actions and proceedings as Landlord deems appropriate.

**TAKE FURTHER NOTICE** that this notice is without prejudice to and shall not constitute a waiver, release or relinquishment of any of Landlord's claims, defenses, rights or remedies under the Lease, applicable law or otherwise, all of which are expressly reserved.

All capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Lease.

**SIDLEY HOLDING CORP. Landlord**

By: _____

Name:  Richard Levine
Authorized Signatory Per Annexed Authorization

2

NY 23821 7023

cc:    **THREE S'S AND AN R, LLC**
c/o Mr. Morton Ruderman
Cres Development Company
50 Salem Street
Lynnfield, Massachusetts 01940

**THREE S'S AND AN R, LLC**
c/o Cres Development Company
50 Salem Street
Lynnfield, Massachusetts 01940

**THREE S'S AND AN R, LLC**
c/o Morton Ruderman
31 Wildwood Drive
Lynnfield, Massachusetts 01940

**MORTON RUDERMAN**
31 Wildwood Drive
Lynnfield, Massachusetts 01940

**MMR Investments, LLC**
40 Salem Street, Suite One
Lynnfield, MA 01940

3

# Sidley Holding Corp.

### Three S's & an R
### Arrears Statement

| DATE | DESCRIPTION | | CHARGE |
|------|-------------|---|--------|
| October 1, 2007 | Base Rent | | $12,432.94 |
| | Management Fee | | $551.41 |
| | Added Rent (Additional Rent For Initial Sublet) | | $2,500.00 |
| | Real Estate Tax Assessment | | $2,861.94 |
| | Late Payment | | $755.28 |
| | Past Due (late payment) | | $723.03 |
| | Past Due (legal fees) | | $5,633.33 |
| | | October Total: | $25,457.93 |
| | | | |
| November 1, 2007 | Base Rent | | $12,432.94 |
| | Management Fee | | $551.41 |
| | Added Rent (Additional Rent For Initial Sublet) | | $2,500.00 |
| | Real Estate Tax Assessment | | $2,861.94 |
| | Late Payment | | $763.74 |
| | | November Total: | $19,110.03 |
| | | | |
| December 1, 2007 | Base Rent | | $12,432.94 |
| | Management Fee | | $551.41 |
| | Added Rent (Additional Rent For Initial Sublet) | | $2,500.00 |
| | Real Estate Tax Assessment | | $2,861.94 |
| | Late Payment | | $1,337.04 |
| | | December Total: | $19,683.33 |
| | | | |
| | | Total: | $64,251.29 |

4

## AUTHORIZATION

SIDLEY HOLDING CORP. ("Sidley"), a Delaware limited liability company, hereby appoints and authorizes Mr. Richard Levine to individually act as its authorized signatory and agent and to execute on behalf of, and in the name of, Sidley: (a) any and all demands and notices permitted under leases, licenses, service contracts, occupancy agreements or applicable law including but not limited to notices to cure, notices of termination, non-payment and holdover notices, and notices terminating monthly tenancies, tenancies-at-will or tenancies-at-sufferance; and (b) pleadings and affidavits relating to tenants, licensees, leases, licenses, occupancy agreements, stipulations, service contracts, collection of arrears and/or other monies due to Sidley. This authorization is valid for a period of one year from the date of execution unless sooner terminated in writing.

SIDLEY HOLDING CORP.

By: _____

Name: Dr. Sidney Clyman

Title: President

STATE OF NEW YORK          )
                           ) s.s.:
COUNTY OF WESTCHESTER      )

On the 27 day of November, 2007, before me, the undersigned, a Notary Public in and for said State, personally appeared Dr. Sidney Clyman, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to this instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on this instrument, the individual, or the person or entity upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

VIRGINIA E. BREESE
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN WESTCHESTER COUNTY
NO. 01BR6139142
MY COMMISSION EXPIRES

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                             :ss.

COUNTY OF NEW YORK  )

Salvatore Giambrone, being duly sworn, deposes and says:

1.    I am employed by Greenberg Traurig, LLP, attorneys for Sidley Holding Corp.

2.    I am not a party to this action, am over 18 years of age and reside in Queens, New York.

3.    On the 4th day of December, 2007, I served the annexed Notice to Cure by depositing true copies in securely sealed envelopes, into the exclusive care and custody of Federal Express for overnight delivery, addressed as follows::

THREE S'S AND AN R, LLC
110-112 East Fordham Road
Portions of the ground floor, first floor and mezzanine level
Bronx, New York, 10468

THREE S'S AND AN R, LLC
c/o Mr. Morton Ruderman
Cres Development Company
50 Salem Street
Lynnfield, Massachusetts 01940

THREE S'S AND AN R, LLC
c/o Cres Development Company
50 Salem Street
Lynnfield, Massachusetts 01940

THREE S'S AND AN R, LLC
c/o Morton Ruderman
31 Wildwood Drive
Lynnfield, Massachusetts 01940

NY236603590

MORTON RUDERMAN
31 Wildwood Drive
Lynnfield, Massachusetts 01940

MMR Investments, LLC
40 Salem Street, Suite One
Lynnfield, Massachusetts 01940

Sworn to before me this
6th day of December, 2007

_____
NOTARY PUBLIC

HEATH B. KUSHNICK
Notary Public, State of New York
No. 02KU6016400
Qualified in New York County
Commission Expires 11/16/10

_____
Salvatore Giambrone
License No. 1133136

NY238603590

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX: NON-HOUSING PART 52

Index No.

SIDLEY HOLDING CORP.,

Petitioner,

-against-

THREE S'S AND AN R, LLC
110-112 East Fordham Road
Portions of the ground floor, first floor and mezzanine levels
Bronx, New York 10112,

Respondent,

-and-

GODA RESTAURANTS CORP. a/k/a GODA RESTAURANT CORP.
d/b/a PIZZA HUT, STATEWIDE MANAGEMENT AT FORDAM
ROAD, INC. d/b/a PIZZA HUT, LAUGHING PARTY CO. LLC,
"ABC CO." and "XYZ CORP.,"

Respondent(s).

VERIFIED PETITION

HOLDOVER - COMMERCIAL

TRIAL DATE: FEBRUARY 19, 2008

Law Offices
Greenberg Traurig, LLP

Attorney for Petitioner
Heath B. Kushnick, Esq.

Met Life Building
200 Park Avenue
New York, NY 10166
212.801.9200
Fax 212.801.6400
www.gtlaw.com

NY 238,635,791v1

# EXHIBIT M

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK    )
                         :ss.
COUNTY OF NEW YORK  )

Deborah Husband-Jones, being duly sworn, deposes and says:

    1       I am employed by Greenberg Traurig, LLP, attorneys for Sidley Holding Corp.

    2       I am not a party to this action, am over 18 years of age and reside in Bronx, New

York.

    3       On the 3rd day of March, 2008, I served the annexed Notice of Motion,

Affirmation, Affidavit and Exhibits by depositing true copies, in securely sealed envelopes, into

the exclusive care and custody of Federal Express for overnight delivery, addressed as follows:

> BRYER & DAVID
> *Attorneys for Respondent Goda Restaurants Corp.*
> Attention: Marvin M. David
> 225 Broadway
> New York, New York 10007
> (212) 369-2530
>
> THREE S'S AND AN R, LLC
> 110-112 East Fordham Road
> Portions of the ground floor, first floor
>   and mezzanine level
> Bronx, New York, 10468
>
> THREE S'S AND AN R, LLC
> c/o Mr. Morton Ruderman
> Cres Development Company
> 50 Salem Street
> Lynnfield, Massachusetts 01940
>
> THREE S'S AND AN R, LLC
> c/o Cres Development Company
> 50 Salem Street
> Lynnfield, Massachusetts 01940

238712995

THREE S'S AND AN R, LLC
c/o Morton Ruderman
31 Wildwood Drive
Lynnfield, Massachusetts 01940

THREE S'S AND AN R, LLC
c/o MMR Investments, LLC
41 Salem Street, Suite One
Lynnfield, MA 01940;

STATEWIDE MANAGEMENT AT FORDHAM ROAD, INC.
110-112 East Fordham Road
Portions of the ground floor, first floor
  and mezzanine level
Bronx, New York, 10468

STATEWIDE MANAGEMENT AT FORDHAM ROAD, INC.
44-27 Purves Street
Long Island City, New York 11101

LAUGHING PARTY CO., LLC
110-112 East Fordham Road
Portions of the ground floor, first floor
  and mezzanine level
Bronx, New York, 10468

LAUGHING PARTY CO., LLC
14 Weyman Avenue
New Rochelle, New York 10805
Attn: Melvin Getlan

_____
Deborah Husband-Jones

Sworn to before me this
4th day of March, 2008

_____
NOTARY PUBLIC

SALVATORE GIAMBRONE
Notary Public, State of New York
No. 01GI6098207
Qualified in Queens County
Commission Expires September 8, 2007 2011

238712995

**SUPPLEMENTAL AFFIDAVIT OF SERVICE**

STATE OF NEW YORK     )
                                          :ss.
COUNTY OF NEW YORK   )


Deborah Husband-Jones, being duly sworn, deposes and says:

1.        I am employed by Greenberg Traurig, LLP, attorneys for Sidley Holding Corp.

2.        I am not a party to this action, am over 18 years of age and reside in Bronx, New York.

3.        On the 4th day of March, 2008, I served the annexed Notice of Motion, Affirmation, Affidavit, Exhibits and the accompanying Memorandum of Law by depositing true copies, in securely sealed envelopes, into the exclusive care and custody of Federal Express for overnight delivery, addressed as follows:

> Scott A. Frank, Esq.
> Arnstein & Lehr LLP
> 515 North Flagler Drive
> Sixth Floor
> West Palm Beach, Florida 33401-4323

Deborah Husband-Jones

Sworn to before me this
4th day of March, 2008

NOTARY PUBLIC

SALVATORE GIAMBRONE
Notary Public, State of New York
No. 01GI6098207
Qualified in Queens County
Commission Expires September 8, 2007 2011

238712995

# EXHIBIT N

CIVIL COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX: NON-HOUSING PART 52
------------------------------------------------------------------- X
SIDLEY HOLDING CORP.,

            Petitioner,

       – against –

THREE S'S AND AN R, LLC
110-112 East Fordham Road
Portions of the ground floor, first floor and
mezzanine levels
Bronx, New York 10112,

          Respondents,

       – and –

GODA RESTAURANTS CORP. a/k/a GODA
RESTAURANT CORP. d/b/a PIZZA HUT,
STATEWIDE MANAGEMENT AT FORDHAM
ROAD, INC. d/b/a PIZZA HUT, LAUGHING PARTY
CO., LLC, "ABC CO."* and "XYZ CORP."*,

          Respondent(s).

* The first name and/or last name of said respondent(s)
being fictitious and unknown to petitioner, the
entity(ies) and/or individuals(s) intended being in
possession of the premises herein described without
petitioner's knowledge or consent.

------------------------------------------------------------------- X
STATE OF NEW YORK    }
            ss.:
COUNTY OF DUTCHESS  }

   **L&T Index No.: 900282/08**

   **AFFIDAVIT IN
SUPPORT OF MOTION FOR
SUMMARY JUDGMENT**

    Richard Levine, being duly sworn, deposes and says:

    1.   I am employed by Levine Bros. Management, managing agent of 110-112 East

Fordham Road, Bronx, New York (the "**Building**") for petitioner Sidley Holding Corp.

("**Sidley**"). I am fully familiar with the books and records of Sidley pertaining to respondent

IY238,706,344?

Three S's and an R, LLC ("**Three S's**") and respectfully submit this affidavit based on my personal knowledge of the facts in support of Sidley's motion for an order granting summary judgment in its favor.

2.     Sidley is a New York corporation (Exhibit A).

3.     Sidley is the owner and landlord of the Building (Exhibit B).

4.     Pursuant to an Agreement of Lease made as of May 1, 1999 (the "**Lease**") (which Lease incorporates that certain Agreement of Lease made as of August 10, 1998 between Sidley and a former tenant)(Exhibit C), Sidley is the landlord and Three S's was the tenant of commercial space on portions of the ground floor, first floor and mezzanine levels of the Building (as more particularly described in the Lease, the "**Premises**").

5.     The Premises are not part of a multiple dwelling.

6.     The Premises are not subject to the New York City Rent and Rehabilitation Law or the Rent Stabilization Law of 1969, as amended by Chapter 576 of the Laws of 1974, because they were rented and are used solely for business purposes.

7.     Upon information and belief, respondents Statewide Management at Fordham Road, Inc. d/b/a Pizza Hut ("**Statewide Management**") and Laughing Party Co., LLC ("**Laughing Party**") are possibly in possession of all or some portion of the Premises as permitted subtenants of Three S's.  *See* Landlord's Consent to Sublease (Exhibit D).  Upon information and belief, Statewide Management was dissolved by proclamation of the Secretary of State published on September 25, 2002 (Exhibit E).

8.     Upon information and belief, respondent Goda Restaurants Corp. a/k/a Goda Restaurants Corp. d/b/a Pizza Hut ("**Goda**," and together with Statewide Management and Laughing Party, the "**Subtenants**") is possibly in possession of all or some portion of the

Premises without Sidley's consent. *See* Assignment and Assumption of Lease dated December 20, 2002 between Three S's and Goda (Exhibit F). Sidley did not consent to the assignment and assumption agreement between Three S's and Goda. Nonetheless, Goda apparently took occupancy of the Premises and operates a Pizza Hut restaurant therein.

9.     In 2007, Three S's defaulted under the Lease by failing to timely pay fixed and additional rent (collectively, "**Rent**"). As a result, Sidley served upon Three S's a notice to cure dated December 4, 2007 (the "**Notice to Cure**," Exhibit G) demanding payment of $64,251.29 on or before December 17, 2007 (the "**Cure Date**"). The Notice to Cure advised Three S's that Sidley would serve a notice of cancellation thereby terminating the Lease in the event Three S's failed to timely cure.

10.     Three S's failed to cure its default on or before the Cure Date. Accordingly, Sidley served upon Three S's a notice of termination dated December 20, 2007 (the "**Notice of Termination**," Exhibit H) advising Three S's of Sidley's intention to terminate the Lease as of December 28, 2007 (the "**Termination Date**").

11.     As a result of Sidley's service of the Notice of Termination, the term of the Lease expired on the Termination Date. Three S's and the Subtenants, however, failed to vacate the Premises on or after that date. Accordingly, Sidley commenced this holdover proceeding by service of a notice of petition and petition dated February 12, 2008 (the "**Petition**," Exhibit I).

12.     Sidley has not accepted any payments from Three S's or the Subtenants for the period subsequent to the Termination Date.

13.     Through and including March 4, 2003, Three S's owes Sidley the amount of $127,867.83 for fixed and additional rent due under the Lease and/or use and occupancy of the Premises (Exhibit J).

14.    Accordingly, for the reasons set forth above, as well as those in the accompanying affirmation and memorandum of law, Sidley respectfully requests that its motion be granted in its entirety.

_____
RICHARD LEVINE

Sworn to before me this
1st day of March, 2008.

_____
Notary Public

VICTORIA R NEUN
Notary Public - State of New York
NO. 01NE6163276
Qualified in Dutchess County
My Commission Expires 4|30|11

4

Exhibit J to March 1, 2008 Affidavit of Richard Levine

# Sidley Holding Corp.
32 Eton Drive
Slingerlands, NY 12159

## Rent Bill

| Date | Invoice # |
| --- | --- |
| 3/1/2008 | 156 |

**Bill To**

Three S's & an R

| Item | Description | Amount |
| --- | --- | --- |
| Rent | Past Due | 12,432.94 |
| Management Fee | | 551.41 |
| Additional Rent | | 2,500.00 |
| Real Estate Tax | | 2,861.94 |
| Late Payment | | 3,189.95 |
| Water Bill | | 924.42 |
| PAST DUE | | 105,407.17 |
| | **Total** | **$127,867.83** |

Notice of Motion, Affirmation and additional exhibits omitted

# EXHIBIT O

# Sidlev Holding Corp.
5 Denim Dr
Wappingers Falls, NY 12590

# RENT BILL

| Date | Invoice # |
|------|-----------|
| 7/1/2008 | 168 |

| Bill To | |
|---------|--|
| Three S's & an R | |
| | |

| Item | Description | Amount |
|------|-------------|--------|
| Rent | | 13,432.94 |
| Management Fee | | 551.41 |
| Additional Rent | | 2,500.00 |
| Real Estate Tax | | 3,746.04 |
| Late Payment | | 5,953.84 |
| PAST DUE | | 198,461.17 |
| | **Total** | $224,645.40 |

**EXHIBIT P**

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX      PART
DECISION AND JUDGMENT    **52**

INDEX # 900282/2008
JUDGMENT SEQ # 001

SIDLEY HOLDING CORP,

Petitioner(s)

**AGAINST**
THREE S'S AND AN R LLC,
GODA RESTAURANTS CORP,
D/B/A PIZZA HUT,
STATEWIDE MANAGEMENT AT FORDHAM ROAD INC,
LAUGHING PARTY CO LLC,
ABC CO,
XYZ CORP,
A/K/A GODA RESTAURANT CORP.,
D/B/A PIZZA HUT,

Respondent(s)

---

**Decision and Judgment is** rendered based upon
a decision made after trial as follows:
Judgment of possession is granted in favor of:
SIDLEY HOLDING CORP,
and against
THREE S'S AND AN R LLC,
GODA RESTAURANTS CORP,
D/B/A PIZZA HUT,
STATEWIDE MANAGEMENT AT FORDHAM ROAD INC,
LAUGHING PARTY CO LLC,
ABC CO,
XYZ CORP,
A/K/A GODA RESTAURANT CORP.,
D/B/A PIZZA HUT,
A counterclaim is granted in favor of the respondent in the amount of    $0.00
(which if not being entered separately is offset and reflected in the
total amount due, listed below.)

A money judgment is hereby granted, along with cost and disbursements
in the amount of    $0.00 in favor of:
SIDLEY HOLDING CORP,
and against
THREE S'S AND AN R LLC,
GODA RESTAURANTS CORP,
D/B/A PIZZA HUT,
STATEWIDE MANAGEMENT AT FORDHAM ROAD INC,
LAUGHING PARTY CO LLC,
ABC CO,
XYZ CORP,
A/K/A GODA RESTAURANT CORP.,
D/B/A PIZZA HUT,

for a total amount of    $0.00

CIV-LT-50(2006)

Page 1 of 2

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX          PART
DECISION AND JUDGMENT

INDEX # 900282/2008
JUDGMENT SEQ # 001

(Monthly use and occupancy is set at     $0.00 per month, as per order, stipulation or decision in record.)

Warrant to issue forthwith

Date _____5/14/08_____

Execution   STAYED FIVE (5) DAYS

Judge, Civil/Housing Court   HON. DONALD A. MILES

Section 5020(c) of the Civil Practice Law and Rules requires that a satisfaction be filed with the clerk when the judgment is satisfied. Failure to do so subjects the judgment creditor to penalties.

==================================================================

## ENTRY OF JUDGMENT

Judgment entered in accordance with the above on ___5/14/08___

Chief Clerk, Civil Court

Warrant Issued to Marshal _____ On _____

CIV-LT-50(2006)

Page 2 of 2

PI 0183