```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
SIDLEY HOLDING CORP.,
                                                                08 Civ. 2513 (WHP)
                            Plaintiff,

        – against –

MORTON RUDERMAN,

                            Defendant.
------------------------------------------------------------ X
```

## PLAINTIFF'S MEMORANDUM OF LAW
## IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

**GREENBERG TRAURIG, LLP**
200 Park Avenue
New York, New York 10166
Tel: (212) 801-9200
Fax: (212) 801-6400
*Attorneys for Plaintiff Sidley Holding Corp.*

NY 238,825,5 285

# TABLE OF CONTENTS

Page

Table of Authorities ..................................................................................................... ii

I. Preliminary Statement ........................................................................................ 1

II. Statement of Facts .............................................................................................. 2

III. Argument ........................................................................................................... 2

Sidley's Motion For Summary Judgment Should Be Granted ........................... 2

    A. Summary Judgment Standard .................................................................. 2

    B. Sidley Has Established Its *Prima Facie* Case Of Breach Of Guaranty ................. 3

    C. Summary Judgment Is Also Warranted By Application Of The Account Stated Doctrine ........................................................................................ 5

    D. Summary Judgment Is Warranted On The Third Claim For Attorneys' Fees ......... 7

    E. The Affirmative Defenses Are Barred As A Matter Of Law And Otherwise Lack Merit .................................................................................................. 7

        1. The First Affirmative Defense Should Be Dismissed (Alleged Failure To State A Claim) ............................................................................. 9

        2. The Second Affirmative Defense Should Be Dismissed (Alleged Failure To Mitigate Damages) ........................................................... 9

        3. The Third Affirmative Defense Should Be Dismissed (Alleged Waiver And Estoppel) ............................................................................. 10

        4. The Fourth Affirmative Defense Should Be Dismissed   (Alleged Laches) .............................................................................. 11

IV. Conclusion ....................................................................................................... 12

NY238,825,5285

# TABLE OF AUTHORITIES

Page

**Cases**

*191 Fifth Avenue Corp. v. Giallelis*, 1996 WL 154108 *3 (S.D.N.Y. April 3, 1996) ............... 5, 10

*Aetna Casualty and Surety Co. v. Aniero Concrete*, 404 F.3d 566, 607 (2d Cir. 2005) ............... 10

*AM Cosmetics Inc. v. Solomon*, 67 F. Supp. 2d 312, 324 (S.D.N.Y. 1999) ............... 11

*American Home Assurance Co. v. Instituto Nacional De Reaseguros*, 1991 WL 4461 (S.D.N.Y. 1991) ............... 6

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) ............... 3

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986) ............... 2

*Citibank v. Plapinger*, 66 N.Y. 2d 90, 93, 495 N.Y.S.2d 309, 310 (1985) ............... 8

*Citicorp Leasing, Inc. v. United American Funding, Inc.*, 2005 WL 1847300 *4 (S.D.N.Y. Aug. 5, 2005) ............... 4, 5, 7, 9

*Compagnie Financiere de CIC et de K'Union Europeenne v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 188 F.3d 31, 36 (2d Cir. 1999) ............... 8

*EMI Music Marketing v. Avatar Records, Inc.*, 317 F.Supp.2d 412, 419 (S.D.N.Y. 2004) ............... 9

*European American Bank v. Lofrese*, 182 A.D.2d 67, 73, 586 N.Y.S.2d 816, 819 (2d Dep't 1992) ............... 8

*First New York for Business v. DeMarco*, 130 B.R. 650, 654 (S.D.N.Y. 1991) ............... 8, 9

*Holy Properties Ltd., L.P. v. Kenneth Cole Productions, Inc.*, 87 N.Y.2d 130, 133 (1995) ......... 10

*In re Bovo Enterprises, Inc.*, 204 B.R. 407, 415 (Bankr. S.D.N.Y. 1977) ............... 8

*In re Rockefeller Center Properties*, 241 B.R. 804, 819 (Bankr. S.D.N.Y. 1999) ............... 6

*In re Rockefeller Center Properties*, 272 B.R. 524 (Bankr. S.D.N.Y. 2000) ............... 5, 6

*Jackson v. Marshall*, 2008 WL 800745 *2 (S.D.N.Y. March 25, 2008) ............... 3

*Jim-Mar Corporation v. Aquatic Construction, Ltd.*, 195 A.D.2d 868, 870, 600 N.Y.S.2d 790, 792 (3d Dep't 1993) ................................................................................................................6

*Lankler Siffert & Wohl, LLP v. Rossi*, 287 F.Supp.2d 398, 408-09 (S.D.N.Y. 2003) ..................7

*L.K. Comstock & Co., Inc. v. Duffy*, 43 A.D.2d 704, 704, 350 N.Y.S.2d 9, 12 (2d Dep't 1973)....6

*Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) ............................3

*Navimex S.A. De C.V. v. S/S Northern Ice*, 617 F.Supp. 103, 106 (S.D.N.Y.1984) .....................6

*Palm Beach Mortgage Management, LLC v. Red Tulip, LLC*, 18 A.D.3d 379, 380 795 N.Y.S.2d 559, 559-600 (1st Dep't 2005) ........................................................................................9

*Sage Realty Corp. v. Kenbee Management-New York, Inc.*, 582 N.Y.S.2d 182, 182-83 (1st Dep't 1992) ...............................................................................................................................10

*Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998) ...................................................................3

*Vatansever v. New York City*, 2005 WL 2396904 *3 (S.D.N.Y. Sept. 28, 2005) ................9, 10, 11

**Statutes**

Fed. R. Civ. P., Rule 56 ........................................................................................................1, 2, 3

Plaintiff Sidley Holding Corp. ("Sidley") respectfully submits this memorandum of law in support of its motion for an order pursuant to Fed. R. Civ. P. 56 granting summary judgment against defendant Morton Ruderman ("Ruderman") for the relief demanded in the complaint.

## PRELIMINARY STATEMENT

This action asserts three causes of action against Ruderman based on his default under a personal guaranty of his company's performance under a commercial lease. In 1999, Sidley leased commercial space in its building to Three S's and an R, LLC ("Tenant") for an approximate 10 year term. Ruderman, a sophisticated businessman and the principal of Tenant, executed an absolute personal guaranty of Tenant's obligations. Tenant defaulted under the lease by failing to pay rent due from and after October 1, 2007. Ruderman is likewise in default of his obligations under the guaranty.

The moving affidavits, documentary evidence and other matters of record demonstrate that Ruderman has failed and refused to make payment of the arrears in breach of his straightforward obligations under the guaranty. Thus, there is no genuine issue of material fact herein for which a trial would be required on the cause of action for breach of guaranty. *See* Point B below. The moving papers also establish that there is no genuine dispute on Sidley's account stated claim. Sidley sent rent statements to Ruderman each month throughout the term of the lease, and also served him with notices resulting in termination of the lease, as well as pleadings in the resulting Civil Court holdover proceeding, all of which contained detailed statements of the arrears. Ruderman's failure to dispute the monetary defaults over a substantial period converted them into an account stated as a matter of law. *See* Point C below. The boiler-plate, conclusory defenses asserted by Ruderman are barred by the terms of the guaranty and otherwise without merit as a matter of fact and law. *See* Point E below. Therefore, Sidley's

1

motion for summary judgment should be granted and the Court should schedule an inquest to determine and award damages and attorneys' fees (*see* Point D regarding the third cause of action for attorneys' fees and costs).

## STATEMENT OF FACTS

A recitation of the facts relevant to this matter is set forth in the accompanying affidavits of Richard Levine sworn to on July 31, 2008 (the "Levine Aff.") and Heath B. Kushnick sworn to on July 31, 2008 (the "Kushnick Aff.").[1]

## ARGUMENT

### SIDLEY'S MOTION FOR SUMMARY JUDGMENT SHOULD BE GRANTED

A.  **Summary Judgment Standard**

In *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986), the Supreme Court endorsed summary judgment as a "principal" means by which "to isolate and dispose of factually unsupported claims or defenses," and directed courts to apply Rule 56 of the Federal Rules of Civil Procedure "in a way that allows [them] to accomplish this purpose." *Id.* As the Supreme Court declared, summary judgment "is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure a just, speedy and inexpensive determination of every action." *Id.* at 327, *quoting* Fed. R. Civ. P. 1. Thus, summary judgment is warranted where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Moreover, when the movant demonstrates through competent evidence that no material facts are genuinely in dispute the non-moving party must set forth "specific facts showing that there is a genuine

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Levine Aff. and Kushnick Aff.

issue for trial." Fed.R.Civ.P. 56(e); *Jackson v. Marshall*, 2008 WL 800745 *2 (S.D.N.Y. March 25, 2008)(Pauley, U.S.D.J.). The non-moving party "may not rely on conclusory allegations or unsubstantiated speculation" and must "do more than simply show there is some metaphysical doubt as to the material facts." *Jackson v. Marshall, supra*, 2008 WL 800745 *2, *citing*, *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), and *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998). To create an issue for trial, the non-movant must offer "concrete evidence from which a reasonable juror could return a verdict in his favor." *Id.*, *citing*, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

**B.    Sidley Has Established Its *Prima Facie* Case for Breach of Guaranty**

The documentary evidence and moving affidavits by Sidley conclusively demonstrate that:

(i)   Sidley, as the owner and landlord of the building and property known as and located at 110-112 East Fordham Road, Bronx, New York (the "Building"), leased to Tenant commercial space (the "Premises") on the ground floor, first floor and mezzanine levels of the Building pursuant to a written lease agreement dated May 1, 1999 (the "Lease"). Levine Aff., ¶¶ 3 and 4, **Exhibits D and E.**

(ii)  Ruderman guaranteed the payment and performance of all of Tenant's obligations under the Lease pursuant to a guaranty dated May 1, 1999 (the "Guaranty"). Levine Aff., ¶ 5, **Exhibit F.**

(iii) Tenant failed to pay the rent due and owing under the Lease from and after October 1, 2007 (Levine Aff., ¶¶ 10 and 14.

(iv)  The outstanding arrears for the period October 1, 2007 through March 4, 2008 total $127,867.83 (the "Arrears"). **Exhibit N.**

(v)   Ruderman never objected to the amount due through March 4, 2008 (and, therefore, an account has been stated as discussed in Point C below). Levine Aff., ¶ 14.

>   (vi)   Though and including July 31, 2008 the amount due under the lease and guaranty is $224,645.40.  **Exhibit O.**

Moreover, the Guaranty is absolute and unconditional, providing:

> [Ruderman], in consideration of the execution and delivery by SIDLEY HOLDING CORP. . . . of the lease . . . to THREE S's AND AN R, LLC . . . and in order to induce Landlord to execute and deliver the Lease to Tenant, and in further consideration of the sum of TEN ($10.00) DOLLARS and other good and valuable consideration . . . DOES HEREBY ABSOLUTELY GUARANTEE to the Landlord . . . the full and prompt performance by Tenant of all of the obligations of Tenant under the Lease, as the same may be extended including, without limitation, the payment by Tenant of all Base Rent and additional rent reserved under . . . the Lease, and any arrears thereof, and any other sum or sums required to be paid by Tenant under any of the terms of the Lease, that may be or become due or payable to Landlord . . . and the payment by Tenant of any and all damages that may arise in consequence of the non-performance by Tenant of any of the covenants or agreements required to be performed by Tenant pursuant to the Lease . . .

**Exhibit F** at ¶ A.

A review of the Guaranty also demonstrates that Ruderman agreed his liability was absolute irrespective of, among other things, any (a) lack of enforceability of the Lease and any defenses available to Tenant in respect of it obligations, or (b) "waiver, modification, alteration, amendment, or extension . . . of any of the terms or provisions of the Lease. *Id.*, ¶¶ C, G. Further, the Guaranty provides that it is a "continuing" one which was to remain in full force and effect until payment was made in full of Tenant's obligations under the Lease. *Id.*, ¶¶ B and L.[2]

The foregoing facts establish Sidley's *prima facie* case for breach of the Guaranty. *Citicorp Leasing, Inc. v. United American Funding, Inc.*, 2005 WL 1847300 *4 (S.D.N.Y. Aug.

---

[2] Pursuant to ¶ L of the Guaranty, Ruderman's liability under the Guaranty terminated only if certain conditions were met, including, among other things: (a) Ruderman providing 180 days advance written notice of the date Tenant was to vacate the premises; (b) the surrender of the Premises in accordance with the terms of the Lease; (c) Ruderman providing a notice that Tenant has vacated the Premises and that the Lease was terminated; and (d) Tenant paying all Rent through the date of its vacatur. Inasmuch as *none* of the conditions stated in ¶ L have been satisfied, Ruderman remains fully liability for all Rent, attorneys' fees and damages due under the Lease.

4

NY238,825,5:285

5, 2005)(Pauley, U.S.D.J.)("creditor seeking to enforce a written unconditional guaranty satisfies its *prima facie* case by establishing: (1) an absolute and unconditional guaranty; (2) the underlying debt; and (3) the guarantor's failure to satisfy the unpaid debt"); *191 Fifth Avenue Corp. v. Giallelis*, 1996 WL 154108 *3 (S.D.N.Y. April 3, 1996)(granting summary judgment to party seeking to enforce personal guaranty of commercial lease obligations). By direct application of the holdings and reasoning in *Citicorp Leasing, Inc.* and *191 Fifth Avenue Corp.*, summary judgment is warranted on the substantially similar facts here.

C. **Summary Judgment Is Also Warranted By Application Of The Account Stated Doctrine**

The documentary evidence and moving affidavits also establish that there is no genuine issue as to any material fact regarding Sidley's account stated cause of action. Sidley rendered rent statements to Ruderman each month during the term of the lease, including from and after October 1, 2007 (the date from which no payments have been received). It also served Tenant with the Cure Notice, the Termination Notice, the Petition, and the motion for summary judgment in the Holdover Proceeding. All of these documents contained detailed statements of the Rent charges and Arrears, and were also sent concurrently to Ruderman, including the summary judgment motion which contained an affidavit and detailed statement of arrears through March 4, 2008. Levine Aff., ¶¶ 6, 10 and 11; Kushnick Aff., ¶¶ 2, 3 and 4; **Exhibits M and N**. Notwithstanding all of these opportunities to raise objections to the Rent charges and Arrears statements, Tenant and Ruderman never objected to the accounts stated therein. Levine Aff., ¶¶ 10, 14; Kushnick Aff., ¶ 4.

Under New York and federal law, an account stated refers to an agreement by a party to pay a stated sum of money which the parties had agreed upon as the amount due. *In re Rockefeller Center Properties*, 272 B.R. 524 (Bankr. S.D.N.Y. 2000), *aff'd*, 266 B.R. 52, 57

(S.D.N.Y 2001), *aff'd*, 46 Fed. Appx. 40 (2d Cir. 2002)(hereinafter referred to as "*NBC v. RCP*"). Under this doctrine, a party who receives an account is bound to examine it, and if that party assents that the account is correct, either expressly or impliedly, it becomes an account stated and is binding. *Id.*, 266 B.R. at 57; *See In re Rockefeller Center Properties*, 241 B.R. 804, 819 (Bankr. S.D.N.Y. 1999), *aff'd*, 2002 WL 22051 (S.D.N.Y. Jan. 8, 2002), *aff'd*, 46 Fed. Appx. 47 (2d Cir. 2002)(hereinafter referred to as "*Chase v. RCP*").

An account stated may be implied if the party receiving it keeps it for a reasonable time without objecting to or questioning the correctness of the account. *Id.*, 241 B.R. at 819. It is well settled that a court may determine on summary judgment what constitutes a "reasonable time" to object to a statement of account. *Id.*, 241 B.R. at 821; *NBC v. RCP, supra,* 272 B.R. at 544-45, *citing, Navimex S.A. De C.V. v. S/S Northern Ice,* 617 F.Supp. 103, 106 (S.D.N.Y.1984)(defendant's failure to object for 5 months to plaintiffs' summary statement of account was unreasonable and converted the bill into an account stated); *American Home Assurance Co. v. Instituto Nacional De Reaseguros,* 1991 WL 4461 (S.D.N.Y. 1991)(granting summary judgment where account debtor failed to object to quarterly account statement prior to litigation); *Jim-Mar Corporation v. Aquatic Construction, Ltd.,* 195 A.D.2d 868, 870, 600 N.Y.S.2d 790, 792 (3d Dep't 1993)(account stated found where plaintiff rendered an account 6 months before defendant voiced objection); *L.K. Comstock & Co., Inc. v. Duffy,* 43 A.D.2d 704, 704, 350 N.Y.S.2d 9, 12 (2d Dep't 1973) (defendant's silence for many months effected an account stated).

Here, Sidley establishes its *prima facie* case of an account stated by submitting proof that Ruderman failed to dispute the accounts rendered over a period in excess of eight months. The consequence of his failure is acceptance that such amounts are correct and their conversion to an

account stated in the amount of $127,867.83 through March 31, 2008. The general denials in Ruderman's answer are insufficient to raise any triable issue. *Lankler Siffert & Wohl, LLP v. Rossi*, 287 F.Supp.2d 398, 408-09 (S.D.N.Y. 2003)(self-serving, conclusory and unsubstantiated objections insufficient to defeat summary judgment on account stated claim), *aff'd*, 125 Fed. Appx. 37 (2d Civ. 2005). Based on the established facts and foregoing law, summary judgment is warranted on the second cause of action for account stated.

D.   <u>Summary Judgment Is Warranted on the Third Claim for Attorneys' Fees</u>

Pursuant to Section 21.04 and other applicable provisions of the Lease (**Exhibit E**), Tenant is liable for all of Sidley's costs, expenses and disbursements, including but not limited to reasonable attorneys' fees, incurred in collecting or endeavoring to collect the Rent due under the Lease or enforcing any rights against Tenant under the Lease, and all of said amounts are due as additional rent under the Lease.

The Guaranty also provides: "In the event that [Sidley] should institute any suit . . . to enforce any of the covenants or conditions of this Guaranty . . . [Ruderman] shall reimburse [Sidley] for its attorneys' fees, disbursements and court costs incurred by [Sidley] thereby." Levine Aff., **Exhibit F**, ¶ J. Therefore, summary judgment on the issue of Ruderman's liability for Sidley's attorneys' fees and expenses incurred in this action should be granted and an inquest scheduled to determine the amount thereof. *Citicorp Leasing, Inc. v. United American Funding, Inc., supra*, 2005 WL 1847300 *9.

E.   <u>The Affirmative Defenses are Barred as a Matter of Law and Otherwise Lack Merit</u>

Ruderman asserts the following four affirmative defenses in his answer: (1) the "Complaint fails to state a claim upon which relief may be granted," (2) "[t]he Plaintiff has prevented the Defendant from mitigating its damages and any liability he might have pursuant to

7

the Guaranty insofar as the Plaintiff has failed and refused to allow the Defendant to provide a tenant who is ready, willing and able to occupy the space in the place and stead of the current sub-tenan.," (3) "Plaintiff has waived its right to pursue the Defendant on the Guaranty based on the doctrine of equitable estoppel," and (4) the "claims are barred by the doctrine of laches." These defenses, however, are barred by the absolute Guaranty and lack merit in any event.

Under New York law, continuing guaranties, containing such absolute language as the one here, are consistently enforced. *Citibank v. Plapinger*, 66 N.Y. 2d 90, 93, 495 N.Y.S.2d 309, 310 (1985). Indeed, having undertaken such a broad absolute guaranty, Ruderman is foreclosed from asserting any defenses as a matter of law. *First New York for Business v. DeMarco*, 130 B.R. 650, 654 (S.D.N.Y. 1991)(citing *Plapinger* and others); *In re Boco Enterprises, Inc.*, 204 B.R. 407, 415 (Bankr. S.D.N.Y. 1977); *European American Bank v. Lofrese*, 182 A.D.2d 67, 73, 586 N.Y.S.2d 816, 819 (2d Dept. 1992). Here, the Guaranty states:

> **This Guaranty shall not be discharged, impaired, or in any way affected, nor shall the undersigned be released from liability hereunder because, or on account of,** any waiver, modification, alteration, amendment, or extension, at any time and from time to time, of any of the terms or provisions of the Lease (including, without limitation, the Term), **or by reason of any other act or thing which but for this provision of this Guaranty might be deemed a legal or equitable discharge of a surety**, or by reason of the failure of Landlord, its successors or assigns, to proceed promptly or otherwise; and the undersigned hereby expressly waives and surrenders any defense to its liability hereunder based upon any of the foregoing waivers, modifications, alterations, amendments, extensions, or delays, or any of them.

**Exhibit F** at ¶ C (emphasis added).

The language emphasized in the quote above is substantially comparable to provisions held sufficiently broad and specific to constitute an enforceable waiver of all defenses. *See Compagnie Financiere de CIC et de K'Union Europeenne v. Merrill Lynch, Pierce, Fenner &*

8

*Smith Inc.*, 188 F.3d 31, 36 (2d Cir. 1999); *First New York for Business v. DeMarco, supra*, 130 B.R. at 653; *In re Boco Enterprises, Inc., supra*, 204 B.R. at 416; *Palm Beach Mortgage Management, LLC v. Red Tulip, LLC*, 18 A.D.3d 379, 380 795 N.Y.S.2d 559, 559-600 (1st Dep't 2005). Indeed, no elaborate waiver of defense language is required to preclude a guarantor from raising defenses where, as here, the absolute nature of the Guaranty is presented in clear and unambiguous terms. *EMI Music Marketing v. Avatar Records, Inc.*, 317 F.Supp.2d 412, 419 (S.D.N.Y. 2004). The enforcement of absolute guarantees reflects the principle that when sophisticated parties expressly allocate risks, the judiciary shall not interfere with their contractual relationship. *Citicorp Leasing, Inc. v. United American Funding, Inc., supra*, 2005 WL 1847300 *4. Thus, the affirmative defenses should be dismissed on this legal authority alone. Even if not expressly waived, there are additional reasons that the affirmative defenses lack merit

1. **The First Affirmative Defense Should Be Dismissed (Alleged Failure to State a Claim)**

Ruderman pleads no facts in support of his conclusory first affirmative defense. As such, it does not provide any basis for denial of summary judgment. *Vatansever v. New York City*, 2005 WL 2396904 *3 (S.D.N.Y. Sept. 28, 2005)(Pauley, U.S.D.J)(the "litigant opposing summary judgment . . . may not rest upon mere conclusory allegations"), *aff'd*, 210 Fed. Appx. 26 (25 Civ. 2006). The defense is also wholly refuted by the showing that Sidley has established *prima facie* cases for all of its causes of action. *See* Points B, C and D above.

2. **The Second Affirmative Defense Should Be Dismissed (Alleged Failure to Mitigate Damages)**

Ruderman asserts that Sidley cannot recover because it failed to mitigate damages. However, under New York law, a landlord has no duty to mitigate damages in the context of a

commercial lease. *191 Fifth Avenue Corp. v. Giallelis, supra*, 1996 WL 154108 *3 (rejecting defendant-guarantor's mitigation defense in response to summary judgment motion by party seeking to enforce personal guaranty of commercial lease obligations), *citing*, *Holy Properties Ltd., L.P. v. Kenneth Cole Productions, Inc.*, 87 N.Y.2d 130, 133 (1995) and *Sage Realty Corp. v. Kenbee Management-New York, Inc.*, 582 N.Y.S.2d 182, 182-83 (1st Dep't 1992). Thus, even if Sidley failed to mitigate damages, such a failure would not provide a basis for denial of summary judgment. *Id.*

### 3. The Third Affirmative Defense Should Be Dismissed (Alleged Waiver and Estoppel)

The third affirmative asserts that Sidley's claims are barred by waiver and equitable estoppel. A waiver is an intentional and voluntary relinquishment of a known right, and a waiver of contractual rights will not be inferred absent a clear intent to waive. *See Aetna Casualty and Surety Co v. Aniero Concrete*, 404 F.3d 566, 607 (2d Cir. 2005). Under New York law, the elements of an estoppel claim with respect to the party against whom estoppel is alleged are: (1) conduct which amounts to a false representation or concealment of material facts; (2) intention that such conduct will be acted upon by the other party; and (3) knowledge of the real facts. *Id*. The party asserting estoppel must show with respect to himself: (1) lack of knowledge of the true facts; (2) reliance upon the conduct of the party estopped; and (3) a prejudicial change in his position. *Id.*

Ruderman's pleading does not provide any factual allegations with respect to the elements of these defenses and they should be dismissed for this reason. *Vatansever v. New York City, supra*, 2005 WL 2396904 *3. The affirmative defense is also wholly refuted by the incontrovertible fact that Sidley promptly served the Cure Notice after Tenant's monetary defaults in October 2007 and, thereafter, terminated the Lease when Tenant failed to timely cure.

Sidley's enforcement actions negate the bald claim that it somehow waived its contractual rights based on the defaults. Moreover, it is not inequitable for a party to seek enforcement of its contractual rights - - which is all Sidley seeks to do by prosecuting this action. *See e.g. AM Cosmetics Inc. v. Solomon,* 67 F. Supp. 2d 312, 324 (S.D.N.Y. 1999). Accordingly, the third affirmative defense should be dismissed.

### 4. The Fourth Affirmative Defense Should Be Dismissed (Alleged Laches)

Like all the other affirmative defenses, Ruderman pleads no facts in support of his conclusory laches allegation. Thus, it does not provide any basis for denial of summary judgment. *Vatansever v. New York City, supra,* 2005 WL 2396904 *3. The defense is also refuted by the showing that Sidley acted promptly in serving the Cure Notice, Termination Notice, commencing the Holdover Proceeding and this action.

## CONCLUSION

As shown above, Tenant defaulted in its monetary obligation under the Lease, and Sidley is entitled to payment of the Arrears from Ruderman based on his absolute Guaranty plus the attorneys' fees and costs incurred in enforcing it. Ruderman is also bound by Sidley's accounts of the Arrears because he had repeated opportunities to challenge the statements thereof but failed to do so. Sidley's motion for an order granting judgment pursuant to Fed. R. Civ. P. 56 should be granted in all respects, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
      July 31, 2008

                                  **GREENBERG TRAURIG, LLP**
                                  *Attorneys for Plaintiff*
                                  200 Park Avenue
                                  New York, New York 10166
                                  (212) 801-9200

                        By: _____
                                Heath B. Kushnick (HK1101)
                                *KushnickH@GTLaw.com*