UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SIDLEY HOLDING CORP.,

Plaintiff,

v.

MORTON RUDERMAN,

Defendant.

CASE NO. 08-CV-2513 (WHP)

**DECLARATION OF RONY SHAPIRO IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

Rony Shapiro declares under penalty of perjury as follows:

1. I am a Manger of Three S's and an R, LLC ("SSSR"). I have personal knowledge of the facts and circumstances set forth below and submit this declaration in opposition to the motion for summary judgment made by Sidley.

2. On May 1, 1999, SSSR ("Tenant") entered into an Agreement of Lease (the "Lease") with Plaintiff Sidley Holding Corporation ("Sidley') regarding certain commercial space on portions of the ground floor, first floor and mezzanine levels of a building located at 110-112 East Fordham Road, Bronx, New York (the "Premises"). See Affidavit of Richard Levine sworn to on July 31, 2008 ("Levine Affidavit"), Exhibit E.

3. On or about May 1, 1999, SSSR also entered into an agreement with Statewide Management of Fordham Road, Inc. whereby SSSR subleased to Statewide portions of the first floor, ground (cellar) floor and storage space of the Building (the "Subleased Premises") for a term beginning on September 1999 and ending on August 9, 2008 (the "Sublease Agreement").

4.     On or about May 1, 1999, SSSR entered into an agreement with Laughing Party Co. LLC ("Laughing Party") pursuant to which SSSR leased a separate portion of the Demised Premises to Laughing Party.

5.     On or about May 1, 1999, Sidley consented to the sublease by SSSR of a portion of the Demised Premises to Statewide and a portion of the Demised Premises to Laughing Party Co., LLC.

6.     By agreement made as of December 31, 2001 (the "Goda Sublease"), by and between SSSR and Goda Restaurants Corp. ("Goda"), SSSR leased and demised to Goda portions of the first and ground floors and storage areas of the Demised Premises (the "Goda Subleased Premises") formerly occupied by Statewide and Lauging Party.

7.     The term of the Goda Sublease began on the date on which Goda obtained possession of the Goda Subleased Premises in or about 2002 and ended on August 9, 2008.

8.     By the Goda Sublease, Goda agreed to pay specified base and additional rent to SSSR and to perform other terms, conditions and obligations relating to its use and occupancy of the Goda Subleased Premises.

9.     Sidley was fully aware of Goda's use and occupancy of the Demised Premises.

10.     By in or about 2006, SSSR became concerned that Goda potentially was a problematic subtenant and took steps to locate a new tenant to take over the space. Working with Winick Realty in Manhattan and NAI/Friedland in Westchester County, SSSR brought to the attention of Richard Levine at Sidley at least three financially sound, ready, willing and able entities who wished to assume occupancy of the Demised Premises and who would have paid higher rent to Sidley. In violation of its obligations under the Lease, Sidley unreasonably refused

to give consent to the sublease of the premises to any of these prospective tenants. See Exhibit E to Levine Aff't, ¶ 11.05(A).

11. By October 2007, SSSR's concerns regarding Goda unfortunately became the reality; Goda ceased paying rent. Sidley subsequently brought a holdover proceeding to evict Goda from the premises.

12. Had Sidley acted reasonably and consented to the use and occupancy of the premises by any one of the proffered replacement subtenants, there would have been no default in the rent payments. Sidley should not now be permitted to seek from Morton Ruderman under his Guaranty costs that should not and would not have been incurred but for Sidley's own unreasonable conduct under the Lease.

I declare under penalties of perjury the foregoing to be true and correct

Rony Shapiro

Executed on September 4, 2008
Brookline, Massachusetts