UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SIDLEY HOLDING CORP., | CASE NO. 08-CV-2513 (WHP) |
| Plaintiff, | |
| v. | |
| MORTON RUDERMAN, | |
| Defendant. | |

## DEFENDANT'S STATEMENT PURSUANT TO LOCAL RULE 56.1
## IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

Defendant MORTON RUDERMAN ("Ruderman") respectfully submits this statement pursuant to Local Rule 56.1(b) in opposition to the motion for summary judgment of Plaintiff SIDLEY HOLDING CORP. ("Sidley").

In response to Sidley's statement pursuant to Local Rule 56.1, Ruderman asserts:

1.    Undisputed.

2.    Undisputed.

3.    Disputed. Ruderman did sign a document dated May 1, 1999 which is referred to by the Plaintiff as the Guaranty. Ruderman disputes that he has any obligations to Sidley under the Guaranty. The so-called "Guaranty," is incomplete on its face because it only obligates the Defendant Morton Ruderman to guaranty the Tenant's performance of the Lease "to the extent provided in the Paragraph M below," but there is no Paragraph M found anywhere in the Guaranty. The Guaranty, by its terms, does not provide that Ruderman has any obligations under the Guaranty. The Guaranty is unenforceable as written in that an essential element of the

1

Guaranty is missing—to wit, the "extent of the Obligation" owed by Ruderman under the Guaranty. (Levine Aff., sworn to on July 31, 2008, Exhibit F (the "Guaranty") at ¶ 11. Ruderman Declaration dated September 5, 2008 ("Ruderman Decl.") at ¶¶ 2 and 6. The Defendant Ruderman did not intend to be obligated under the Guaranty for the obligation claimed by the Plaintiff in the case. Ruderman Decl. ¶¶ 2 - 7; Affidavit of Rony Shapiro, sworn to on September 4, 2008 (Shaprio Aff. ¶¶ 10, 12).

4.     Undisputed.

5.     Undisputed.

6.     Undisputed.

7.     Partially Disputed. Ruderman does not dispute that the Cure Notice informed Tenant of its breaches. Ruderman does dispute that $64,251.29 is an obligation owed by him under the terms of the Lease and Guaranty, that the Cure Notice constituted an account to Ruderman, and that sufficient time was afforded Ruderman to object before suit on his Guaranty was filed. See Answer, ¶¶ 4, 6, 7; Affidavit of Rony Shapiro sworn to on September 4, 2008 ("Shapiro Aff't"), ¶¶ 10, 12; Ruderman Decl. ¶¶ 2 - 7.[1]

8.     Partially Disputed. Ruderman does not dispute that the Cure Notice informed Tenant of its breaches. Ruderman does dispute that $64,251.29 is an obligation owed by him under the terms of the Lease and Guaranty, that the Cure Notice constituted an account to Ruderman and that sufficient time was afforded Ruderman to object before suit on his Guaranty was filed. See Answer, ¶¶ 4, 6, 7; Shapiro Aff't, ¶¶ 10, 12; Ruderman Decl. ¶¶ 2 – 7.

---

[1] Unless otherwise defined, words with initial capitals are defined as in the Plaintiff's Statement Pursuant to Local Rule 56.1.

9.      Undisputed.

10.     Undisputed.

11.     Partially Disputed.  Ruderman did not specifically object to the Cure Notice but timely disputed the claim by his Answer herein.  Ruderman had no obligation to cure.  Shapiro Aff. ¶¶ 10, 12; Ruderman Decl. ¶¶ 2 – 7.

12.     Partially Disputed.  Although Tenant did not pay the rent for October, November and December by the date demanded in the Cure Notice, Plaintiff Sidley had by its own actions in violation of the Lease interfered with Tenant's ability to replace the existing sub-lease with a financially solvent tenant.  See Shapiro Aff't, ¶¶ 10, 12.

13.     Undisputed.

14.     Undisputed.

15.     Undisputed.

16.     Undisputed.

17.     Partially Disputed.  Sidley knew that a sublease of Tenant, Goda Restaurant Corp. was in possession of the Premises, not the Tenant.  Shapiro Aff't, ¶ 9.

18.     Undisputed.

19.     Undisputed.

20.     Undisputed.

21.     Undisputed.

22.     Undisputed.

23.     Undisputed.

24.     Undisputed.

25.    Undisputed.

26.    Undisputed.

27.    Partially Disputed.  Ruderman does not dispute that the affidavit attached to the summary judgment motion physically shows a figure of $127,867.83 for the arrears through March 4, 2008.  Ruderman does dispute that $127,867.83 is the amount owed to Sidley under the Guaranty.  See Answer, ¶¶ 4, 6, 7; Shapiro Aff't, ¶¶ 10, 12; Ruderman Decl. ¶¶ 2 – 7.

28.    Partially Disputed.  Ruderman does not dispute that the Cure Notice informed Tenant of its breaches.  Ruderman does dispute that $64,251.29 is an obligation owed by him under the terms of the Lease and Guaranty, that the Cure Notice constituted an account to Ruderman and that sufficient time was afforded Ruderman to object before suit on his Guaranty was filed.  See Answer, ¶¶ 4, 6, 7; Shapiro Aff't, ¶¶ 10, 12; Ruderman Decl. ¶¶ 2 – 7.

29.    Undisputed.

30.    Partially Disputed.  Ruderman does not dispute that Tenant or Ruderman has not paid Sidley.  Ruderman does dispute that he owes Sidley $224,645.40 plus attorneys' fees and costs.  See Answer, ¶¶ 4, 6, 7; Shapiro Aff't, ¶¶ 10, 12; Ruderman Decl. ¶¶ 2 – 7.

31.    Undisputed.

32.    Undisputed.

33.    Undisputed.

34.    Disputed.  This is not a fact but a legal conclusion, and as such it should not be included in a statement of undisputed facts.

35.    Disputed.  This is not a fact but a legal conclusion, and as such it should not be included in a statement of undisputed facts.

36.    Disputed.  This is not a fact but a legal conclusion, and as such it should not be included in a statement of undisputed facts.  Ruderman disputes Sidley is entitled to recover from him under the Guaranty.  See Answer, ¶¶ 4, 6, 7; Shapiro Aff't, ¶¶ 10, 12; Ruderman Decl. ¶¶ 2 – 7.

Defendant Ruderman submits that the following additional facts are in dispute:

1.    The Guaranty was drafted by the Plaintiff, Sidley Holding Corp. Ruderman Decl. ¶ 2.

2.    The Guaranty does not contain a Paragraph M, which is referred to in Paragraph A of the Guaranty. Guaranty attached as Exhibit F to the Affidavit of Richard Levine, sworn to July 31, 2008 ("Levine Aff.").

3.    By its terms, the Guaranty does not state the obligations of the guarantor. Guaranty, Exhibit F to Levine Aff. ¶ A, and the fact that there is no Paragraph M stated in the Guaranty as referred to in Paragraph A of the Guaranty.

4.    When the Defendant signed the Guaranty, it was not his intention, nor was it Sidley's intention, that the Guarantor would be liable for obligations of the third successive tenant in the space, ten years into the Lease.  Ruderman Decl. ¶ 2.

5.    The Defendant Guarantor did not agree to guaranty the obligations of the tenant as claimed in the Complaint in the above-captioned action.  Ruderman Decl. ¶ 2.

6.    The Defendant Guarantor understood at the time concerning the Guaranty that the landlord would not unreasonably withhold consent to sublease, and that that term was to be incorporated in the Guaranty.  Ruderman Decl. ¶ 3.

7.    On or about May 1, 1999, Tenant entered into an agreement with Statewide Management of Fordham Road, Inc. whereby Tenant subleased to Statewide portions of the first floor, ground (cellar) floor and storage space of the Building (the "Subleased Premises") for a term beginning on September 1999 and ending on August 9, 2008 (the "Sublease Agreement"). Shapiro Aff't, ¶ 3.

8.    On or about May 1, 1999, Tenant entered into an agreement with Laughing Party Co. LLC ("Laughing Party") pursuant to which Tenant leased a separate portion of the Demised Premises to Laughing Party.  Shapiro Aff't, ¶ 4.

9.    On or about May 1, 1999, Sidley consented to the sublease by Tenant of a portion of the Demised Premises to Statewide and a portion of the Demised Premises to Laughing Party Co., LLC.  Shapiro Aff't, ¶ 5.

10.    By agreement made as of December 31, 2001 (the "Goda Sublease"), by and between Tenant and Goda Restaurants Corp. ("Goda"), Tenant leased and demised to Goda portions of the first and ground floors and storage areas of the Demised Premises (the "Goda Subleased Premises") formerly occupied by Statewide and Laughing Party.  Shapiro Aff't, ¶ 6.

11.    The term of the Goda Sublease began on the date on which Goda obtained possession of the Goda Subleased Premises in or about 2002 and ended on August 9, 2008. Shapiro Aff't, ¶ 7.

12.    By the Goda Sublease, Goda agreed to pay specified base and additional rent to Tenant and to perform other terms, conditions and obligations relating to its use and occupancy of the Goda Subleased Premises.  Shapiro Aff't, ¶ 8.

13.    Sidley was fully aware of Goda's use and occupancy of the Demised Premises. Shapiro Aff't, ¶ 9.

14.    By in or about 2006, Tenant became concerned that Goda potentially was a problematic subtenant and took steps to locate a new tenant to take over the space. Working with Winick Realty in Manhattan and NAI/Friedland in Westchester County, Tenant brought to the attention of Richard Levine at Sidley at least three financially sound, ready, willing and able entities who wished to assume occupancy of the Demised Premises and who would have paid higher rent to Sidley. In violation of its obligations under the Lease, Sidley unreasonably refused to give consent to the sublease of the premises to any of these prospective tenants. Shapiro Aff't, ¶ 10; Ruderman Decl. ¶¶ 4 -5; see Exhibit E to Levine Aff't, ¶ 11.05(A).

15.    By October 2007, Tenant's concerns regarding Goda unfortunately became the reality; Goda ceased paying rent. Sidley subsequently brought a holdover proceeding to evict Goda from the premises. Shapiro Aff't, ¶ 11.

16.    Had Sidley acted reasonably and consented to the use and occupancy of the premises by any one of the proffered replacement subtenants, there would have been no default in the rent payments. Sidley should not now be permitted to seek from Morton Ruderman under his Guaranty costs that should not and would not have been incurred but for Sidley's own unreasonable conduct under the Lease. Shapiro Aff't, ¶ 12.

DATED: New York, New York
          September 5, 2008

MITCHELL SILBERBERG & KNUPP LLP

By: _____
Lauren J. Wachtler (LW 4205)
12 East 49th Street, 30th Floor
New York, New York 10017-1028
Telephone: (212) 509-3900
Facsimile: (212) 509-7239
E-mail: ljw@msk.com

Attorneys for Defendant
MORTON RUDERMAN

TO:    Heath B. Kushnick, Esq.
       Greenberg Traurig, LLP
       *Attorneys for Plaintiff*
       200 Park Avenue
       New York, NY 10166
       (212) 801-9200