UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SIDLEY HOLDING CORP.,<br><br>      Plaintiff,<br><br>    v.<br><br>MORTON RUDERMAN,<br><br>      Defendant. | CASE NO. 08-CV-2513 (WHP) |

**DEFENDANT'S MEMORANDUM OF LAW
<u>IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT</u>**

MITCHELL SILBERBERG & KNUPP LLP
12 East 49th Street, 30th Floor
New York, New York 10017-1028
Telephone: (212) 509-3900
Facsimile: (212) 509-7239

*Attorneys for Defendant*
MORTON RUDERMAN

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................................................1

STATEMENT OF FACTS ............................................................................................................2

SIDLEY'S MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED..........................3

I.    Summary Judgment Standard ...............................................................................................3

II.    Sidley's Motion Should Be Denied As To Its First Cause Of Action. ................................4

    A.    The Guaranty Is Missing An Essential Term As To The Extent Of The Guarantor's Liability, And The Guaranty Is At Least Ambiguous, Requiring A Trial Upon Extrinsic Evidence Of The Parties' Intent .......................................................................................................4

    B.    Sidley Has Not Established That The Underlying Debt Is Owed By The Tenant Or That Ruderman Is Responsible For That Debt. ..............................6

III.    The Account Stated Doctrine Does Not Apply Here. ..........................................................6

    A.    Sidley Failed to Give Ruderman Sufficient Time to Object to an Account Stated. ................................................................................................................7

    B.    Even If The Account Stated Doctrine Applies, Ruderman Has Objected And Continues To Object To The Statements Of Account. ...........................................................................................................................9

    C.    Sidley Unreasonably Withheld its Consent to Sublet in Violation of the Lease Terms ........................................................................................................10

IV.    Ruderman's Defenses Are Not Barred. ............................................................................11

CONCLUSION............................................................................................................................13

# TABLE OF AUTHORITIES

Page(s)

## FEDERAL CASES

American Home Assur. Co. v. Instituto Nacional De Reaseguros,
   1991 WL 4461 (S.D.N.Y., January 10, 1991) ................................................................... 7

Anderson v. Liberty Lobby, Inc.,
   477 U.S. 242 (1986) ........................................................................................................... 3

Commercial Cinema Corp. v. VCA Labs, Inc.,
   464 F.Supp 2d. 191 (SDNY 2006) ................................................................................... 5

Department of Commerce v. U.S. House of Representatives,
   525 U.S. 316 (1999) ........................................................................................................... 3

EMI Music Marketing v. Avatar Records, Inc.,
   317 F. Supp. 2d 412 (S.D.N.Y. 2004) ........................................................................... 7, 8

In re Boco Enterprises, Inc.,
   204 B.R. 407 (Bankr. S.D.N.Y. 1997) ............................................................................ 12

In re Rockefeller Center Properties,
   241 B.R. 804 (Bankr. S.D.N.Y. 1999) .............................................................................. 7

In re Rockefeller Center Properties,
   272 B.R. 524 (Bankr. S.D.N.Y. 2000) .............................................................................. 7

International Fidelity Insurance Company v. County of Rockland,
   98 F.Supp.2d 400 (S.D.N.Y. 2000) ................................................................................... 5

Interocean Shipping Co. v. National Shipping & Trading Corp.,
   462 F.2d 673 (2d Cir. 1972) .............................................................................................. 4

Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,
   475 U.S. 574 (1986) ........................................................................................................... 3

Navimex S.A. De C.V. v. S/S Northern Ice,
   617 F. Supp. 103 (S.D.N.Y. 1984) ............................................................................... 7, 8

NetJets Aviation, Inc. v. LHC Communications, LLC,
   ___ F.3d ___, 2008 WL 3256981 (2d Cir., August 8, 2008) ............................................. 3

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

Sphere Drake Ins. Ltd. v. Clarendon Nat. Ins. Co.,
    263 F.3d 26 (2d Cir. 2001)..................................................................................................4

## STATE CASES

Canterbury Realty and Equipment Corp. v. Poughkeepsie Sav. Bank,
    135 A.D.2d 102, 524 N.Y.S.2d 531 (1988) ........................................................................12

Jim-Mar Corp. v. Aquatic Const., Ltd.,
    195 A.D.2d 868, 600 N.Y.S.2d 790 (1993) ............................................................6, 7, 9, 10

L. K. Comstock & Co., Inc. v. Duffy,
    43 A.D.2d 704, 350 N.Y.S.2d 9 (1973) ............................................................................7, 8

Logan & Logan, Inc. v. Audrey Lane Laufer, LLC,
    34 A.D.3d 539, 824 N.Y.S.2d 650 (2006) ..........................................................................11

Palm Beach Mortgage Management, LLC. v. Red Tulip, LLC.,
    18 A.D.3d 379, 795 N.Y.S.2d 559 (2005) ..........................................................................12

## RULES

Fed. R. Civ. P. 56(c) ......................................................................................................................3

Local Rule 56.1 ..........................................................................................................................2, 8

Defendant MORTON RUDERMAN ("Ruderman"), by his attorneys, Mitchell Silberberg & Knupp LLP, respectfully submits this memorandum of law in opposition to Plaintiff Sidley Holding Corp.'s ("Sidley") motion for summary judgment.

## **PRELIMINARY STATEMENT**

By its motion, Sidley seeks summary judgment against Ruderman based upon a personal guaranty ("Guaranty") from Ruderman guaranteeing the payment of rent under a commercial lease between Three S's and an R ("Tenant") and Sidley. As demonstrated below, genuine issues of fact remain to be decided by the trier of fact and, accordingly, summary judgment is premature and unwarranted.

First, the Guaranty which was drafted by the Landlord, Plaintiff, provides that Ruderman is only liable for the Tenant's obligations "to the extent provided in Paragraph M below." There is, however, no Paragraph M anywhere in the Guaranty. Thus, by the express words of the Guaranty itself, the Defendant has no liability for the Tenant's obligations. The fact that the Landlord failed to include an essential term in the Guaranty—i.e., the scope of the Guarantor's obligations under the Guaranty—at least creates an ambiguity requiring the trier of fact to hear extrinsic evidence as to the intention of the parties with respect to the scope of the Guaranty. Under these circumstances, under settled Second Circuit case law, summary judgment is inappropriate.

Second, the facts presented by Sidley do not establish an account stated, as a matter of law, as argued by Plaintiff. All of the statements of account relied upon by Sidley were provided to Ruderman shortly before or after the complaint was filed against him in the instant matter. Where, as here, Ruderman has submitted an Answer denying liability, and did not previously

have a reasonable time to object to the account statements, an essential element of an account stated cannot be established.

Third, during the course of the Lease at issue, Tenant brought to Sidley's attention several entities that were ready, willing and able to sublease the premises, which were then occupied, with Sidley's knowledge, by a subleasee of Tenant's whose subsequent default gives rise to this action. Sidley unreasonably refused to give its consent to Tenant to sublease the premises to any of these entities. Questions of fact are presented as to the reasonableness of Sidley's actions, its performance of its own obligations under the Lease, and the extent of Ruderman's responsibility under the Guaranty for the financial consequences of Sidley's unreasonable actions vis a vis the Tenant.

Because genuine issues of material fact exist as to whether Ruderman is liable at all under the Guaranty and, if liable, the amount of his liability, Sidley's motion for summary judgment should be denied, and discovery on the issues set forth above be ordered.

## STATEMENT OF FACTS

A recitation of facts relevant to this matter is set forth in the accompanying declaration of Rony Shapiro sworn to on September 4, 2008 ("Shapiro Aff't"), to which this Court is respectfully referred. See also, Defendant's Statement Pursuant to Local Rule 56.1 in Opposition to Motion for Summary Judgment.

## SIDLEY'S MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED

**I.    Summary Judgment Standard**

Summary Judgment is appropriate only if "there is no genuine issue as to any material fact and [the evidence demonstrates] that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  However, where the movant does not set forth sufficient facts to support his motion, or where the non-movant brings forth specific facts showing that there is a genuine issue for trial, then summary judgment is inappropriate.  Department of Commerce v. U.S. House of Representatives, 525 U.S. 316, 329 (1999); Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  Where the facts in the record could lead a trier of fact to find for either party, or against the movant, summary judgment should not be granted to the movant.  See Matsushita, 475 U.S. at 587.  "[T]he issue of material fact required by Rule 56(c) to be present to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986) (internal quotations omitted).  "Thus, in deciding a party's summary judgment motion, the district court is required to view the record in the light most favorable to the party against which summary judgment is sought."  NetJets Aviation, Inc. v. LHC Communications, LLC, ___ F.3d ___, ___, 2008 WL 3256981, at *7 (2d Cir., August 8, 2008).

**II.     Sidley's Motion Should Be Denied As To Its First Cause Of Action.**

In its First Cause of Action, Sidley seeks to recover damages against Ruderman for alleged defaults under the Guaranty. Sidley's motion for summary judgment as to this cause of action fails for two reasons: first, the Guaranty is missing an essential term which was supposed to define the scope of the Guarantor's liability under the Guaranty; and second, Sidley has not adequately established that the alleged underlying debt is owed by Tenant to Sidley or that Ruderman should be responsible for such debt, if any.

> **A.     The Guaranty Is Missing An Essential Term As To The Extent Of The Guarantor's Liability, And The Guaranty Is At Least Ambiguous, Requiring A Trial Upon Extrinsic Evidence Of The Parties' Intent**

The Guaranty, by its terms, fails to state the most essential term of the Guaranty—to wit, the scope of the Guarantor's liability for the defaults of the Tenant. Indeed, the pertinent language of the Guaranty, when read as written, means that the Guarantor has no obligations to guaranty the obligations of the Tenant. The Guaranty expressly states that the Guarantor is obligated for the Tenant's defaults "only to the extent provided in Paragraph M, below." But there is no Paragraph M anywhere in the Guaranty. Thus, read literally, the document does not create any liability for the Defendant Guarantor under the Guaranty.

Because Landlord failed to include an essential term in the Guaranty it is void and unenforceable. Sphere Drake Ins. Ltd. v. Clarendon Nat. Ins. Co., 263 F.3d 26, 31 (2d Cir. 2001) ("[W]hen parties fail to agree to essential contract terms, the agreement does not come into existence-it is void and wholly unenforceable"); Interocean Shipping Co. v. National Shipping & Trading Corp., 462 F.2d 673, 676 (2d Cir. 1972) ("Under the general principles of contract law,

4

there is no contract if the parties fail to agree on all the essential terms or if some of the terms are too indefinite to be enforceable").[1]

Given that the Guaranty omits an essential term, the best that the Plaintiff can hope to argue here is that the Guaranty is ambiguous as to the Guarantor's obligations. If the Guaranty is, at best, ambiguous (if not totally unenforceable) summary judgment should not be granted. The Second Circuit has held:

> In a contract dispute, summary judgment generally should not be granted unless the agreement is unambiguous. See, e.g., <u>Sayers v. Rochester Telephone Corp. Supplemental Management Pension Plan</u>, 7 F.3d 1091, 1094 (2d Cir. 1993). Where the contract is ambiguous and there is relevant extrinsic evidence of the parties' actual intent, the contract's meaning is an issue for the trier of fact, and summary judgment is inappropriate. See, e.g., <u>Selden Associates, Inc. v. ANC Holdings, Inc.</u>, 959 F.2d 425, 428 (2d Cir. 1992).

And, because the Plaintiff, Landlord, drafted the Guaranty (Ruderman Decl. ¶ 2), the ambiguity in the Guaranty must be construed against the interest of the Plaintiff. <u>Commercial Cinema Corp. v. VCA Labs, Inc.</u>, 464 F.Supp 2d. 191, 198 (SDNY 2006)("Ambiguous language, however, should be construed against the interest of the drafting party.")

Because the very provision of the Guaranty that was intended to set forth the parameters of Ruderman's liability under the Guaranty is missing, and cannot be determined, if at all, without extrinsic evidence of the parties' intent, a genuine issue of material fact exists as to the extent Ruderman's liability, if any, under the Guaranty and Sidley's motion for summary judgment should be denied.

---

[1] The interpretation of a contract of suretyship is governed by the standards which govern the interpretation of contracts in general." <u>International Fidelity Insurance Company v. County of Rockland</u>, 98 F.Supp.2d 400, 405 (S.D.N.Y. 2000) (internal quotations omitted).

**B.    Sidley Has Not Established That The Underlying Debt Is Owed By The Tenant Or That Ruderman Is Responsible For That Debt.**

Sidley also fails to establish a *prima facie* case for a breach of the Guaranty because Sidley has not adequately established that the alleged underlying debt is owed by Tenant. Sidley first erroneously relies on the doctrine of account stated to establish what is owed. As discussed below, the account stated doctrine is not applicable to the instant facts. Also as discussed below, Sidley unreasonably refused to give its consent to Tenant to sublease the Premises to proposed sub-lessors. Shapiro Aff. ¶¶ 9-11; Ruderman Decl. ¶ 4. If Sidley had, as it was bound to do, reasonably given its consent under the Lease, a new sub-lessee would have replaced Goda Restaurants Corp. ("Goda") as the sub-tenant, rent would have been paid under the Lease to the end of the term, and Ruderman would not be obligated under the Guaranty to pay rent to Sidley. Moreover, this action would not have been commenced and Sidley would not have incurred any of the attorneys fees it seeks to recover on this motion.

**III.   The Account Stated Doctrine Does Not Apply Here.**

The account stated doctrine holds that there is "an agreement between parties to an account based upon prior transactions between them with respect to the correctness of the account items and balance due [citations]. The agreement may be express or . . . implied from the retention of an account rendered for an unreasonable period of time without objection and from the surrounding circumstances." Jim-Mar Corp. v. Aquatic Const., Ltd., 195 A.D.2d 868, 869, 600 N.Y.S.2d 790, 791-92 (1993).

In the usual case of an account stated, the parties have conducted business between them for a period of time, and an invoice from one party to the other becomes an account stated after a

period of time -- generally six months or more -- without objection from the other side or an intervening lawsuit. See, e.g., EMI Music Marketing v. Avatar Records, Inc., 317 F. Supp. 2d 412, 418 (S.D.N.Y. 2004) (where regular invoices were sent over period of forty-one months, the last invoice sent six months before litigation was held to be an account stated); American Home Assur. Co. v. Instituto Nacional De Reaseguros, 1991 WL 4461, at *2 (S.D.N.Y., January 10, 1991) (invoices sent from one to four years prior to litigation were held to be an account stated); Navimex S.A. De C.V. v. S/S Northern Ice, 617 F. Supp. 103, 106 (S.D.N.Y. 1984) (parties to a service agreement operated with frequent communication for two and a half years, and, based on course of conduct, objection after five months was unreasonable); In re Rockefeller Center Properties, 272 B.R. 524, 529 (Bankr. S.D.N.Y. 2000) (in a dispute between a landlord and a commercial tenant, the court disallowed a challenge to rent statements dated approximately two years before the action was filed); In re Rockefeller Center Properties, 241 B.R. 804, 808-11 (Bankr. S.D.N.Y. 1999) (same); Jim-Mar Corp., 195 A.D.2d at 868-69, 600 N.Y.S.2d at 791 (account stated found where plaintiff steel fabricator had worked for and sent bills to defendant over a two year period, and defendant did not object for six months); L. K. Comstock & Co., Inc. v. Duffy, 43 A.D.2d 704, 704, 350 N.Y.S.2d 9, 11 (1973) (where plaintiffs billed defendants for labor and materials relating to installation for lighting fixtures, an invoice given ten months before the action was commenced was held to be account stated).

### A.   Sidley Failed to Give Ruderman Sufficient Time to Object to an Account Stated.

In the present case, based upon Sidley's recitation of the facts, Sidley served on Ruderman the monthly rent statement for October, November, and December on approximately

the first of each month.  Plaintiff's Statement Pursuant to Local Rule 56.1 ("Plaintiff's Facts") No. 29; Levine Aff't, Exhibit G.  Ruderman was first served with the Cure Notice on December 4, 2007.  Plaintiff's Facts Nos. 6-8, 10.  Sixteen days later, on December 20, 2007, Sidley served a Notice of Termination effective December 28, 2007.  Id., Nos. 13-16.  Sidley commenced a holdover proceeding in Bronx Civil Court on February 12, 2008.  Id., No. 18.  Sidley filed the instant action on March 12, 2008.

Thus, at most, Ruderman had five months notice before being sued regarding the October 2007 rent statement.  He had four months notice before being sued for the November 2007 statement, and three months notice for the December 2007 statement.  As to all of the other documents, Ruderman had less than three months before being sued to object to the accounting.

The shortest time period for an objection to an account stated found in the cases to which Sidley cites is contained in Navimex, where the court found that an objection after five months would have been unacceptable *based upon the parties' course of conduct*.  617 F. Supp. at 106.  All of the other cases involve time frames of six months or longer *before the party receiving statements of account was sued*.  E.g., EMI Music Marketing, 317 F. Supp. 2d at 418 (six months prior to litigation); L. K. Comstock & Co., 43 A.D.2d at 704, 350 N.Y.S.2d at 11 (ten months prior to litigation).  Accordingly, as Ruderman here was only allowed five months or less to object to the statements of account, and as there is no evidence in the record of the parties' course of conduct, this Court must deny plaintiffs' request for summary judgment based on the doctrine of account stated.  Moreover, Ruderman has always denied any obligation as a Guarantor.

Sidley's reliance on proceedings in the Bronx holdover proceeding to satisfy its proof of the rendering of accounts is misplaced. Sidley argues that Ruderman should have objected to the statements of accounts in the exhibits of the pleadings and motions. At the heart of the account stated doctrine, however, is the premise that a person receiving the invoice will recognize the communication as an invoice, and then be obligated to examine the invoice and timely raise objections. Jim-Mar Corp., 195 A.D.2d at 870, 600 N.Y.S.2d at 792. Ruderman would have had no idea that any pleadings or motions were meant to be anything other than pleadings and motions to which, if appropriate, he should have filed responsive pleadings. Certainly receiving a pleading or motion would not require a person to examine all of the exhibits for invoices to determine whether he should (a) pay the invoices, or (b) examine them for accuracy and object or be deemed to have accepted an account stated. In short, any pleadings and motions served on Ruderman cannot act as an "invoice" as to which Ruderman had an obligation to review and object, if necessary.

   **B.**  **Even If The Account Stated Doctrine Applies, Ruderman Has Objected And Continues To Object To The Statements Of Account.**

Even if the account stated doctrine does apply, Ruderman has already objected to the account invoices. Specifically, Ruderman did so when he filed his Answer in the instant action and denied the allegations of the Complaint. To the extent that Ruderman's objection by Answer does not suffice, Ruderman specifically objects to the account invoices by this opposition. More specifically, Ruderman objects to the accounting provided by Sidley (containing claims for unpaid rent, late fees and attorneys' fees) because Sidley unreasonably refused to give its consent to Tenant to sublet the premises to a new sub-tenant.

9

C. **Sidley Unreasonably Withheld its Consent to Sublet in Violation of the Lease Terms**

By agreement made as of December 31, 2001, by and between Tenant and Goda (the "Goda Sublease"), Tenant leased and demised to Goda portions of the first and ground floors and storage areas of the premises Sidley had demised to Tenant (the "Goda Subleased Premises"). Shapiro Aff't, ¶ 6. The term of the Goda Sublease began on the date on which Goda obtained possession of the Goda Subleased Premises and ended on August 9, 2008. Id., ¶ 7. Goda's subtenancy commenced in or about 2002. Sidley was fully aware of Goda's use and occupancy of the premises. Id., ¶ 9

In or about 2006, Tenant became concerned that Goda potentially was a problematic subtenant and, accordingly, took steps to locate a new tenant to take over the space. Id., ¶ 10. Working with brokers, Tenant brought to the attention of Richard Levine at Sidley at least three financially sound, ready, willing and able entities who wished to assume occupancy of the space. Id. Sidley refused to consent to any of these proposed subtenants.

Under paragraph 11.05 of the Lease, Tenant may "from time to time prior to or during the Term . . . sublet all or any portion of the Demised Premises." Tenant was required to seek written permission from Sidley to sublet the premises. Lease, ¶ 11.05(A). Sidley's consent to sublet the premises was "not [to] be unreasonably withheld or delayed." Lease, ¶ 11.05(C). "When a commercial lease provides that the landlord will not unreasonably withhold consent to its assignment, the landlord may refuse to consent to an assignment based only on consideration of objective factors . . . . [S]ubjective concerns and personal desires cannot play a role in a

landlord's decision to withhold its consent to an assignment of a lease." Logan & Logan, Inc. v. Audrey Lane Laufer, LLC, 34 A.D.3d 539, 539-40, 824 N.Y.S.2d 650, 651 (2006).

In violation of its obligations under the Lease, Sidley unreasonably refused to give its consent to the sublease of the premises to any of these prospective tenants. Shapiro Aff't, ¶ 9. Had Sidley acted reasonably and consented to the use and occupancy of the premises by any one of the proffered replacement subtenants, there would have been no default in the rent payments. Id., ¶ 11.

Sidley should not now be permitted to seek from Ruderman under the Guaranty costs that should not and would not have been incurred but for Sidley's own unreasonable conduct under the Lease. Whether Sidley's actions in refusing to give its consent to sublease the premises were reasonable is a genuine issue of fact for the trier of fact to decide. Logan & Logan, 34 A.D.3d at 540, 824 N.Y.S.2d at 651. Accordingly, the Court should deny Sidley's motion for summary judgment.[2]

**IV.     Ruderman's Defenses Are Not Barred.**

Plaintiff's argument that Ruderman has waived all defenses in the Guaranty is wrong. In any event, as stated above, read literally, the Guaranty does not create any obligation for the Guarantor under the Guaranty. In addition, the waiver of defenses in the Guaranty is extremely limited and narrow. The Guaranty provides, as follows: "the undersigned hereby expressly waives and surrenders any defense to its liability hereunder based upon any of the foregoing

---

[2] The factual issues pervading Ruderman's liability under the Guaranty equally infect the claim for attorneys' fees both as to underlying Tenant obligations and the fees related to enforcement of this Guaranty.

11

waivers, modifications, alterations, amendments, extensions, or delays, or any of them." Guaranty, ¶ C.  This waiver of certain defenses is in sharp contrast with a waiver of "any defense, set-off, counterclaim or cross claim . . . except defense of actual payment."  Palm Beach Mortgage Management, LLC. v. Red Tulip, LLC., 18 A.D.3d 379, 380, 795 N.Y.S.2d 559, 559-600 (2005).  None of the defenses that Ruderman seeks to raise herein have to do with "waivers, modifications, alterations, amendments, extensions, or delays" of Sidley.

In any event, even if this Court finds that Paragraph C of the Guaranty acts as a blanket waiver of defenses, Ruderman may still challenge the extent of the "obligations of [the] Tenant under the Lease" Ruderman is bound to pay.  Guaranty, ¶ C.  In other words, if Tenant is not obligated to pay a sum of money to Sidley, or if certain unreasonable conduct of Sidley caused Tenant to incur greater obligations than would have otherwise been due, Ruderman may challenge the amount of the obligation owed.  *See* Canterbury Realty and Equipment Corp. v. Poughkeepsie Sav. Bank, 135 A.D.2d 102, 107, 524 N.Y.S.2d 531, 534-35 (1988) ("Thus, an issue of fact was presented as to whether the [Plaintiff] unfairly brought about the occurrence of the very condition precedent . . . upon which it relied to accelerate the loan against the guarantors. Such conduct may serve to discharge the guarantors' obligation."); see In re Boco Enterprises, Inc., 204 B.R. 407, 415 (Bankr. S.D.N.Y. 1997).  Accordingly, if Sidley's wrongful conduct increased the Tenant's obligations under the lease, Ruderman cannot be held liable for that amount — even if the Guaranty contains a blanket release of defenses.

As discussed above in section III.B., Sidley unreasonably refused to give its permission to Tenant to sublet the premises, despite being presented with prospective subtenants who were financially sound, ready, willing and able to occupy the premises.  Shapiro Aff't, ¶¶ 9-11.  Had

Sidley not unreasonably withheld its consent for a subtenant to occupy the premises, Goda's failure to pay rent and the existing litigation would not have occurred, and Ruderman would not have been obligated to pay anything on his Guaranty.  Whether Sidley was unreasonable in refusing to accept Ruderman's proposed subtenants is a genuine issue for the trier of fact to decide.

## CONCLUSION

For the reasons stated above, this Court should deny Sidley's motion for summary judgment because there are persuasive genuine issues of fact.

DATED: New York, New York  
       September 5, 2008

MITCHELL SILBERBERG & KNUPP LLP

By: _____/s/_____  
Lauren J. Wachtler (LJW 4205)  
12 East 49th Street, 30th Floor  
New York, New York 10017-1028  
Telephone: (212) 509-3900  
Facsimile: (212) 509-7239  
E-mail: ljw@msk.com

Attorneys for Defendant  
MORTON RUDERMAN

TO: Heath B. Kushnick, Esq.
Greenberg Traurig, LLP
*Attorneys for Plaintiff*
200 Park Avenue
New York, NY 10166
(212) 801-9200