UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
SIDLEY HOLDING CORP.,                  :

           Plaintiff,              :   08 Civ. 2513 (WHP)

       -against-                       :   MEMORANDUM & ORDER

MORTON RUDERMAN,                       :

           Defendant.              :
------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/15/2010

WILLIAM H. PAULEY III, District Judge:

         Plaintiff Sidley Holding Corp. ("Sidley") brings this action to enforce an absolute guaranty signed by Defendant Morton Ruderman ("Ruderman"). On September 26, 2008, the Court granted Sidley's motion for summary judgment and referred this matter to Magistrate Judge Michael H. Dolinger for an inquest into damages and attorney's fees. In a Report and Recommendation dated December 30, 2009 (the "Report"), Magistrate Judge Dolinger recommended awarding Sidley $180,709.90 in damages, subject to an offset for accrued interest on Sidley's security deposit. The Magistrate Judge also recommended an award of $81,061.75 in attorney's fees and $7,806.72 in disbursements. The damages, fees, and disbursements total $269,578.37. Magistrate Judge Dolinger also awarded pre-judgment interest at a rate of 9% annually from October 1, 2007. Sidley lodged a number of objections to the Report. For the following reasons, this Court overrules the objections and adopts Magistrate Judge Dolinger's painstakingly thorough and well-reasoned Report.

1

## BACKGROUND

The underlying facts are set forth in granular detail in the Report and will not be repeated here. (Report at 1-12.) Sidley objects only to the calculation of attorney's fees. Its objections fall into three categories: (1) the treatment of Sidley's voluntary reductions to its fee request, (2) reductions of specific hours, and (3) the use of lower hourly rates Bronx Civil Court proceedings.

## DISCUSSION

I. Standard of Review

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" of a magistrate judge. 28 U.S.C. § 636(b)(1). This Court reviews de novo those parts of a report to which objections are made, and the remainder for clear error on the face of the record. 28 U.S.C. § 636(b)(1); Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

II. Attorney's Fees

  A. Generally

When awarding attorney's fees pursuant to the provisions of a contract, courts evaluate the reasonableness of the fee using the lodestar method. See Bobrow Palumbo Sales, Inc. v. Broan-Nutone, LLC, 549 F. Supp. 2d 274, 278-79 (E.D.N.Y. 2008); see also F.H. Krear & Co. v. Nineteen Named Trustees, 810 F.2d 1250, 1263 (2d Cir. 1987). Courts determine the lodestar or "presumptively reasonable fee" by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. See Grant v. Martinez, 973 F.2d 96, 99, 101 (2d Cir. 1992); Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany, 522

2

F.3d 182, 186-90 (2d Cir. 2008). The Court of Appeals recently instructed district courts to consider all the "case-specific variables" to arrive at a reasonable hourly rate. See Arbor Hill, 522 F.3d at 190. Although this method of calculating the lodestar appears to direct courts to consider those variables before determining the presumptively reasonable rate, Arbor Hill has been interpreted more broadly to allow a "downward adjustment at the final step of a court's fee calculation." McDow v. Rosado, 657 F. Supp. 2d 463, 467 (S.D.N.Y. 2009); see also McDaniel v. Cty. of Schenectady, --- F.3d ----, 2010 WL 520899, at *10 (2d Cir. Feb. 16, 2010) (explaining that it makes little mathematical difference whether "a court, following Arbor Hill, considers case-specific factors to estimate a reasonable rate for an attorney's services . . . or whether the court takes the traditional approach and considers these same factors in calculating a multiplier to the lodestar").

The question of how much to award as attorney's fees is left to the discretion of the court. Reed v. A.W. Lawrence & Co., 95 F.3d 1170, 1183 (2d Cir. 1996). Courts may not compensate counsel for hours that are "excessive, redundant, or otherwise unnecessary." Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). "After reviewing counsel's time records, a court 'has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application.'" Suchodolski Assocs., Inc. v. Cardell Fin. Corp., No. 03 Civ. 4148 (WHP), 2008 WL 5539688, at *2 (S.D.N.Y. Dec. 18, 2008) (quoting Kirsch v. Fleet St., Ltd., 148 F.3d 149, 173 (2d Cir. 1998)). The court can reduce a fee award "by specific amounts in response to specific objections." United States ex rel. Miller v. Bill Harbert Int'l Constr., Inc., 601 F. Supp. 2d 45, 50 (D.D.C. 2009). However, "the Court can also reduce fees 'by a reasonable amount without providing an item-by-item accounting.'" Miller, 601 F. Supp. 2d at 50 (quoting Role Models Am., Inc. v. Brownlee, 353 F.3d 962, 973

3

(D.C. Cir. 2004)). "Culling through the minutiae of the time records each time a fee petition is submitted . . . would be impossible 'lest [the Court] abdicate the remainder of its judicial responsibilities for an indefinite time period.'" Miller, 601 F. Supp. 2d at 50-51 (quoting Cobell v. Norton, 407 F. Supp. 2d 140, 166 (D.D.C. 2005)). A reduction in the number of compensable hours may be the result of inefficiencies, not improper billing. See Kahlil v. Original Old Homestead Rest., Inc., 657 F. Supp. 2d 470, 476-77 (S.D.N.Y. 2009).

B. Voluntary Reductions

Sidley's first objection is that any of its suggested voluntary reductions should not be taken after the Magistrate Judge's recommended reduction in hours and rates. Implicit in that argument is that the Magistrate Judge's reductions yielded a reasonable fee. However, the Magistrate Judge accounted for Sidley's voluntary reductions in making his recommendations. See Rosso v. Pi Mgmt. Assocs., LLC, No. 02 Civ. 1702 (KNF), 2006 WL 1227671, at *4 (S.D.N.Y. May 3, 2006) (acknowledging voluntary reductions but calling for further across-the-board reductions in the fee award). For example, the Magistrate Judge noted that he would not recommend further reductions for recommencing the Bronx Civil Court action in view of Sidley's voluntary reduction. In the one instance of a reduction on top of Sidley's voluntary discount, the Magistrate Judge acknowledged the voluntary reduction and then determined it was not enough. Thus, there was nothing mistaken about the Magistrate Judge's methodical calculations.

Sidley also raises two specific objections regarding the treatment of its voluntary reduction of the fees related to this inquest. First, Sidley contends that the Magistrate Judge "double count[ed]" the voluntary $10,760 reduction, which Sidley imposed before the fee request was submitted, by including the other voluntary reductions in the final calculations.

4

Second, Sidley asserts that the Magistrate Judge erred in applying his recommended percentage reductions to 101.2 hours, rather than to 79.5 hours (101.2 hours minus the hour equivalent of the $10,760 reduction). However, these objections are not persuasive because the amount of fees awarded after these reductions was appropriate. Sidley's fee request for a pedestrian commercial dispute is excessive. While Sidley apparently has the resources to spar over minutia, this Court will not engage in the granular recalculation of individual percentage reductions when the final total is correct.

### III. Reduction in Hours

Sidley's next objection relates to the Magistrate Judge recommended reduction of hours devoted to the Bronx Civil Court trial. Demonstrating that no dispute is too trivial for a federal court, Sidley contends that the Report overstates the hours billed in the Bronx trial—the Magistrate counted 44 hours when there were only 43.5. The Report recommends a reduction of 20 hours. In view of the summary nature of the Bronx Civil Court proceeding, this Court finds no error in the still generous final calculation. Therefore, this Court adopts the Magistrate Judge's assessment of the hours billed.

Finally, Sidley objects to the exclusion of time for UCC searches and other matters tangentially related to the property. This professional time should not have been included in the fee application, because it bears no relationship to the lease. Accordingly, the Magistrate Judge properly excluded it.

### IV. The Hourly Rate for the Bronx Civil Court Proceeding

Attorney's fees are to be based "on market rates for the services rendered." Missouri v. Jenkins, 491 U.S. 274, 283 (1989). "The lodestar figure should be based on market

rates 'in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" Reiter v. MTA N.Y.C. Transit Auth., 457 F.3d 224, 232 (2d Cir. 2006) (quoting Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984)). The relevant community is generally defined by "the traditional 'forum rule,' under which district courts are directed to calculate attorney's fees based on the rates prevalent in the forum in which the litigation was brought." Simmons v. N.Y.C. Transit Auth., 575 F.3d 170, 172 (2d Cir. 2009). To overcome the presumption in favor of the forum rule, a litigant must "persuasively establish[] that a reasonable client would have selected out-of-district counsel because doing so would likely (not just possibly) produce a substantially better net result." Simmons, 575 F.3d at 172. "[T]he fee applicant has the burden of showing by 'satisfactory evidence—in addition to the attorney's own affidavits'—that the requested hourly rates are the prevailing market rates." Farbotko v. Clinton Cty. N.Y., 433 F.3d 204, 209 (2d Cir. 2005) (quoting Blum, 465 U.S. at 896 n.11).

In objecting to the Magistrate's recommended rates for hours billed in the Bronx Civil Court proceeding, Sidley argues that its attorneys' time should be billed at the rates the Greenberg Traurig firm charges in federal court proceedings. While Sidley argues that it is not uncommon for large midtown law firms to litigate in the Bronx Civil Court, it offers no evidence that such firms command fees at large law firm rates. Sidley did not introduce any evidence of prevailing market rates in either the Bronx Civil Court or the Southern District of New York. Accordingly, this Court adopts Magistrate Judge's recommended rates. (Report at 70-71, 72-73.)

This Court has reviewed the remainder of the Report, finds that it is not facially erroneous, and affirms and adopts it.

## CONCLUSION

For the foregoing reasons, this Court overrules the objections and adopts Magistrate Judge Dolinger's thorough and well-reasoned Report in its entirety. Plaintiff is directed to submit a final judgment consistent with the Magistrate Judge's Report by March 23, 2010.

Dated: March 15, 2010
      New York, New York

SO ORDERED:

                WILLIAM H. PAULEY III
                        U.S.D.J.

*Counsel of Record*
Heath Brian Kushnick, Esq.
Greenberg Traurig, LLP
200 Park Avenue
New York, NY 10166
*Counsel for Plaintiff*

Lauren J. Wachtler, Esq.
Mitchell Silberberg & Knupp, LLP
12 E. 49th Street
New York, NY 10017
*Counsel for Defendant*

*Copies mailed to:*
Hon. Michael H. Dolinger
United States Magistrate Judge